CRUSSELLE *vs.* PUGH.

1. That a blaster lost his eyes while in the service of the owner of a rock quarry, or of his contractor or lessee, and that the owner of the quarry gave him a house and lot for life, as compensation for the injury received, and to prevent any suit against himself or his lessee, furnished a good and valid consideration to support a conveyance so made.

2. The injured blaster having been in possession, under such a settlement, for more than seven years, and being unable to give security in order to resist by counter-affidavit a warrant to dispossess him, if the feoffor caused him to be ejected under such a warrant, it was a tort for which a recovery could be had.

February 9, 1884.

Crusselle *vs.* Pugh

Contracts. Title. Damages. Torts. Actions. Before Judge CLARK. City Court of Atlanta. December Term, 1882.·

Pugh brought case against Crusselle, alleging that he had been a striker under one Gatewood, who was a blaster of Crusselle; that Gatewood was entirely incompetent, and Crusselle knew it; that by Gatewood's incompetency and negligence a blast prematurely exploded, causing the loss of plaintiff's eyes, and doing other damages to him, which incapacitated him from doing profitable work; that, as part compensation for the injury done him and the loss thereby occasioned, Crusselle authorized him to purchase a certain house and lot from one Dell, and promised to pay for it and convey it to plaintiff; that the lot was purchased in 1872, and plaintiff and his family moved upon it, under the belief that defendant had had the title made to him; that some time afterwards, learning that the title had not been so made, he went to the defendant, and the latter, to allay his fears, promised that he should have the house and lot during his life; but, notwithstanding such promise, he ejected plaintiff from the place in 1880, under a "dispossessory warrant;" that he could have brought his suit for damages resulting from the injury long since, but he was quieted and induced not to do so by the agreement of the defendant.

On the first trial, the evidence indicated that, at the time of the injury, Gatewood was not a superintendent or agent of Crusselle, as alleged, but rather a lessee of the quarry where the injury occurred. A recovery having been obtained by the plaintiff, and a new trial refused, the case was carried to the Supreme Court, and will be found reported in 67 *Ga.*, 430 *et seq.* The judgment below having been reversed, and the case returned for a new trial, the plaintiff amended his declaration, so as not to claim damages for the original injury arising from the negligence of Gatewood in connection with the blasting, but to rest his

right of recovery upon the ground that Crusselle had given him the lot in settlement, or part settlement, of the injury done to him and of the litigation which might arise therefrom, whether Gatewood was his superintendent, agent or lessee, and that after having been placed in possession and having so remained for more than seven years, the defendant had wrongfully evicted him, under a warrant to dispossess him, he being unable to give bond to resist it, thus leaving him and his family without a home.

On behalf of the defendant, any such settlement was denied, or that the eviction was wrongful, but it was asserted that he merely permitted the plaintiff to occupy the house belonging to him, and caused plaintiff to be ejected when he became troublesome and asserted a claim by reason of this permissive possession.

It is unnecessary to detail the evidence. The jury found for the plaintiff $700.00. A motion for new trial was made on numerous grounds, the controlling points of which are stated in the decision. It was refused, and defendant excepted.

FRANK A. ARNOLD, for plaintiff in error.

MILLEDGE & HAYGOOD, for defendant.

JACKSON, Chief Justice.

When this case was here before, it had been tried on the issue of the liability of the defendant to respond in damages for the injury to his person received in blasting rock in the quarry of the defendant, but when the plaintiff was in the employment of another person,—a contractor with defendant. 67 *Ga.*, 430. A verdict was then had for the plaintiff, as now, but this court reversed the judgment, and as its decision looked formidable in the front of the plaintiff, he executed a flank movement, and now bases his recovery on the tort by defendant in turning plaintiff out of the house he had given him in settlement or considera-

tion of the injury done and the right to an action there. for ; or, in other words, in consideration of the settlement of such a law suit as might have been brought. So that the question is, first, was the consideration that plaintiff had lost his eyes while in the service of the defendant, or his contractor, or lessee, Gatewood, and that defendant gave him for life the house and lot as compensation for the injury, and to prevent any suit against the defendant or his lessee, a good and valid consideration to support the promised deed ; and secondly, was his ejection from the house under the dispossessory warrant such a tort as to entitle him to recover ?

1. The exhaustive brief and able argument of the counsel for the plaintiff—the defendant in error here—leaves nothing to do but to cite the authorities furnished by him. On the first point, these are Add. on Cont., Vol. 1, § 14, p. 29 ; Parsons on Cont., Vol. 1, pp. 440–443 ; 1 Hilliard on Cont., pp. 263–265, par. 15–19 ; 4 Hawks, 178 ; 11 Vesey, 183 ; 5 Barn. and Ad., 43.

2. The plaintiff was in possession for more than seven years, and was then ejected by the dispossessory warrant. Was it a tort on which he could recover ? It was such a tort. Code, §3013. The plaintiff was unable to give security to resist by bond on counter-affidavit. 56 *Ga.*, 188 ; 12 *Ib.*, 613 ; 67 *Ib.*, 319, 534.

In the case last cited, it is ruled that a right of action exists in all cases of malicious abuse of legal process, or its use without probable cause, and that punitive damages may be recovered in such cases. These authorities fully cover the points that the consideration supports the deed for life to plaintiff, and that the ejection is a tort for which he may recover. The facts sustain the verdict, and the law upholds it. It must, therefore, not be set aside, but upheld.

Judgment affirmed.