one question, founded on depositions after their discharge. Jurors cannot impeach their own verdict.

14. Another point was perhaps made, at least it was argued before us by both sides, and therefore we consider it. It is that one of these judgments was invalid, because rendered by the court without a jury, not on an unconditional, but a conditional, contract. We think these notes are unconditional contracts in writing. Code, §5145. No issuable plea was filed, and the jury's verdict would have been a mere formality.

15. In considering the whole case, we cannot conclude otherwise than that the judgment upholding the verdict is right. The facts found are supported by evidence. If so, Slade & Etheridge are entitled to the fund, and the judgment or decree awarding the money to them is right. It must be borne in mind that these issues on money rules against the sheriff, when creditors contest for their respective rights and priorities of lien. are in the nature of equitable proceedings, and should be determined accordingly; and no irregularities should defeat the real equities of the parties and justice of the case. So looking at this case, as developed by all the facts, it seems clear to us that equitable results are reached by the verdict and decree, and that they should stand.

Judgment affirmed.

## WILCOX vs. McKENZIE.

An action to recover damages for suing out and levying an attachment, and for instituting proceedings to obtain, and serving summons of garnishment, cannot be maintained without proof of malice and want of probable cause, and in the absence of any such proof. a non-suit was properly awarded. Actions for criminal prosecution and civil suits require substantially the same essentials.

(a.) This does not conflict with the case of *Juchter vs. Boehm, Bendheim & Company*, 67 *Ga.*, 534.

January 12, 1886

Actions. Damages. Torts. Malice. Before Judge SIMMONS. Richmond Superior Court. October Adjourned Term, 1884.

Sarah J. Wilcox brought an action for damages against Annie V. McKenzie, alleging, in brief, as follows : The defendant in this suit had filed a bill against certain administrators and the sureties on their bond, the plaintiff being one of them, alleging fraud, negligence and failure to account for moneys received by said administrators, which constituted a breach of the bond. In aid of this bill, the complainant therein sued out process of garnishment, and certain persons indebted to the plaintiff were served. The complainant also sued out an attachment, which was levied. On demurrer, the bill was dismissed, and thereupon the complainant dismissed the garnishment and attachment. By reason of the service of the summonses of garnishment and the levy of the attachment, the plaintiff in this case lost certain rents, her credit was impaired, and she was embarrassed and mortified and incurred serious loss.

On the trial, at the close of the plaintiff's evidence in support of the allegations of her declaration, the defendant moved for a non-suit, which was granted, the court passing the following order :

" Upon the introduction of the evidence offered by plaintiff in the above case, defendant's counsel having moved for a non-suit in said case, and it being admitted by plaintiff's counsel that the motion should be granted, if the court should hold that plaintiff was not entitled to recover without showing malice and want of probable cause, the court so holding, it is ordered that said motion be sustained and a non-suit granted."

The plaintiff excepted.

TWIGGS & VERDERY, for plaintiff in error.

FOSTER & LAMAR ; M. P. FOSTER, for defendant.

HALL, Justice.

The question is, whether an action to recover damages for suing out and levying an attachment, and for instituting proceedings to obtain, and serving summons of garnishment, can be maintained without proof of malice and want of probable cause? If it can, then there was error in the decision rendered in this case, but if not, it is conceded that the judgment of non-suit was properly awarded. If the view insisted on by the plaintiff be correct, as was said by the Supreme Court of the United States in Stewart vs. Sonneborn, 98 U. S., 192, " then every man who brings a suit against another, with the most firm and reasonable belief that he has a just claim and a lawful right to resort to the courts, is responsible in damages for the consequences of his action, if he happens to fail in his suit. His intentions may have been most honest, his purpose only to secure his own, in the only way in which the law permits it to be secured; he may have had no ill-feeling against his supposed debtor, and may have done nothing which the law forbids. Such is not the law. It is abundantly settled that no suit can be maintained against an unsuccessful plaintiff or prosecutor, unless it be shown affirmatively that he was actuated in his conduct by malice or some improper or sinister motive. Malice is essential to the maintenance of every such action, and not merely (as the circuit court supposed) to the recovery of exemplary damages. Notwithstanding what has been said in some decisions of a distinction between actions for criminal prosecutions and civil suits, both classes at the present day require substantially the same essentials. Certainly an action for instituting a civil suit requires not less for its maintenance than an action for a malicious prosecution of a criminal proceeding. Nicholson vs. Coghill, 4 Barn & Cress, 21 ; Webb vs. Hill, 3 Carr. & P., 485 ; Burhans vs. Sanford & Brown, 19 Wend. (N. Y.), 417.

" In Farmer vs. Darling (4 Burr, 1971), one of the earliest reported cases, if not the earliest, Lord Mansfield instructed

the jury that " the foundation of the action was malice," and all the judges concurred that " malice, either express or implied, and want of probable cause, must both concur." From 1766 to the present day, such has constantly been held to be the law, both in England and this country. See a multitude of cases collected in vol. 8, U. S. Dig., first series, 942, pt. 95.

In a case founded on the suing out of an attachment wrongfully, our court held that the defendant in such a proceeding had no right of action against the plaintiffs therein unless it was done with malice and without probable cause. *Sledge vs. McLaren*, 29 *Ga.*, 64; *Cook vs. Walker*, 30 *Id.*, 519; *Melson vs. Dickson*, 63 *Id.*, 683; *Sturgis & Berry et al. vs. Frost*, 56 *Id.*, 188; *Riley vs. Johnston*, 13 *Id.*, 260, 262; *Reid vs. McLendon*, 44 *Id.*, 160, 161; *Mitchell vs. S. W. Railroad Co.*, this term.

By express provisions of our Code, a criminal prosecution must be maliciously carried on, and without probable cause, to entitle the party prosecuted to maintain this action; the want of probable cause shall exist only when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused; malice may be inferred from a total want of probable cause, but such inference may be rebutted by proof. §§2982, 2983, 2987.

The restrictions under which such actions are placed, and the guarded conditions authorizing them, clearly show that they are not highly favored or much encouraged, and this is because of their tendency to promote litigation and engender strife, as well as to deter persons from coming forward to vindicate the public justice and to insist upon their private rights in the only way that the law allows. If an action would lie under less carefully guarded circumstances, then every suitor, who might happen to be cast in his suit, would be liable to an action for every process issuing at his instance during the progress of the cause instituted for the protection of his interests, whether it was

authorized by the law or advised by counsel, or sanctioned by the court, no matter with what good faith and honest conviction it was prosecuted. " Such a ruling would be unsanctioned by and against all precedent and every principle of justice." So said this court in *Cook vs. Walker*, *ut sup.*

There is nothing in *Juchter vs. Boehm, Bendheim & Co.*, 67 *Ga.*, 534, as was insisted by counsel for plaintiff in error, at all inconsistent with the principle here announced; so far from it, the second head-note of that case expressly affirms it. That damage flowing from the violation of an agreement gives a right of action to the party injured in consequence thereof, without an allegation and proof of malice or want of probable cause, is unquestioned law, and that where such a breach of duty, resulting in damage, is done maliciously and without any probable cause, this may be added to the wrong to enhance a recovery by exemplary damages, as well as those actually sustained, is equally manifest, as was demonstrated by that case. We think the propriety of the decision of the judge of the superior court upon the question referred for adjudication is most manifest.

Judgment affirmed.