### 9745. McELREATH *v.* GROSS *et al.*

1. Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause. In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has finally terminated against the plaintiff therein.

2. Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect. In a suit for damages growing out of such a perversion of the court's process, it is not necessary to show that the former litigation was without probable cause, or that it terminated prior to the institution of the suit for damages.

3. The court below did not err in sustaining the demurrer as applied to each count of the petition.

DECIDED JANUARY 16, 1919.

Action for damages; from Camden superior court—Judge Highsmith. April 3, 1917.

It appears that an ordinance of the City of Kingsland imposed certain license taxes for doing business within that municipality; and provided for its enforcement by fine or labor on the streets, when persons liable to the tax transacted such business without first obtaining a license so to do; that Gross, Carleton, and others filed a petition for injunction against Emmett McElreath, the mayor, and W. H. Jones, the marshal of the municipality, in which they alleged that the ordinance was void, as not being authorized by the city's charter; that petitioners had been arrested and fined for doing business without a license, and that they had sued out writs of habeas corpus before the ordinary, but that the mayor had notified them that he would continue to have them arrested if they attempted to do business without a license; wherefore they prayed that the defendants be enjoined from further arresting or trying them under the said ordinance. On the interlocutory hearing before the judge of the superior court the defendants were enjoined as prayed. That judgment was reversed by the Supreme Court, it being held that the case fell within the general rule that a court having equitable jurisdiction will not restrain by injunction a prosecution for the violation of a penal ordinance, or in such proceeding inquire into the validity of the ordinance, and that the case did not come within the exceptions to the general rule which had in some instances been recognized. See *Jones* v. *Carlton,* 146 *Ga.* 1 (90 S. E. 278). This decision of the Supreme Court was made the judgment of the court below, and, after the final determination of the injunction proceeding, the said Emmett McElreath instituted the present action for damages against the petitioners in that proceeding, alleging in the first count that the former proceeding was without probable cause and was a malicious use of legal process, intended only to injure, harrass, and humiliate the petitioner in his administration of the office of mayor, and that such was its effect. The second count was for a malicious abuse of legal process, the averments of fact setting up the right of action being substantially the same as in the first count, except that a lack of probable cause as to the former proceeding was not alleged. To this suit for damages all the pleadings and orders in the former case were attached as exhibits. The defendants

demurred generally to the petition, and the trial judge sustained the demurrer and dismissed the suit, assigning as his reason for so doing that the injunction proceeding was not without probable cause, and that, since it had been maintained against the defendants in their official capacity, the present individual suit would not lie.

*James T. Vocelle, Emmett McElreath,* for plaintiff.

*S. C. Townsend, James R. Thomas,* for defendants.

JENKINS, J. (After stating the foregoing facts.)

1. It was manifestly not error to sustain the demurrer so far as the first count, pertaining to the malicious use of process, was concerned. The lack of probable cause is one of the necessary elements to be alleged and proved in an action of this character. In the case of *Short* v. *Spragins,* 104 *Ga.* 628 (30 S. E. 810), the Supreme Court said: "When an equitable petition for injunction and the appointment of a receiver, which fairly and honestly set forth the facts relied upon by the plaintiffs therein, was presented to the judge of the superior court, who entered thereon an order sanctioning the petition, restraining the defendants as prayed and appointing a temporary receiver, this action by the judge afforded conclusive evidence of probable cause for the bringing of the suit, although at an interlocutory hearing thereafter had the order above mentioned was rescinded by the judge as having been improvidently granted upon the facts alleged." See also *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27).

2. Nor do we think that there was error in sustaining the demurrer in so far as it pertained to the second count of the petition, which sought to set up a malicious abuse of legal process. No misapplication or perversion of the court's process is made to appear. The object attained in suing out the petition for injunction was not a perversion of that process. If the purpose and effect of suing out the process had been to maliciously injure, harrass, and humiliate the plaintiff, and it had been instituted without probable cause, but not actually put to some unauthorized use, there would have been a malicious *use* of a legal process; but in order for there to be a malicious *abuse* of process, it must be wilfully misapplied or perverted to some use which the law did not intend that such a process should subserve. *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222). It does

not appear that the process was employed for any purpose other than that which such a process was intended by law to effect, since the interlocutory granting of the injunction as prayed was the sole use made or object attained. As to what the present defendants did, the allegations end there. The mere fact that the institution of such a proceeding and the granting of such an order might of itself have incidentally caused the worry, annoyance, and humiliation alleged, and might also, as charged, have occasioned the usual trouble and expense attending such litigation, could not be taken as a perversion or misapplication of the process. But if the process had been misapplied and perverted to another and different use, such as the law did not intend such a process to subserve, and if by reason of such *perversion* the intended worry, trouble, and expense had resulted, then such an action for damages as is now referred to would properly lie. In making clear the rather fine but vital distinction which it is here sought to show, the statement in 19 Am. & Eng. Enc. Law (2d ed.), 632, quoted by the Supreme Court in *Brantley* v. *Rhodes-Haverty Furniture Co.*, supra, is helpful. "The principal distinction between an action for malicious abuse of process and one for malicious prosecution is that while the former lies for an improper use of the process after it is issued, the latter is an action for the malicious suing out of the process without probable cause." See also *Porter* v. *Johnson*, 96 *Ga.* 145, 149 (23 S. E. 123) ; *Mullins* v. *Matthews*, 122 *Ga.* 286 (50 S. E. 101) ; *Clement* v. *Orr*, 4 *Ga. App.* 117 (60 S. E. 1017).

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*