### 13524. SMITH *v.* NATIONAL CLOTHING COMPANY.

STEPHENS, J.   1.  In a suit for malicious use of legal process it must appear, from the facts alleged in the petition, that the defendant in instituting the process acted without probable cause.  Where the legal process alleged to have been maliciously and without probable cause used against the plaintiff was the institution by the defendant of a " bail-trover " suit against the plaintiff, and where it appears from the allegations in the plaintiff's petition that the plaintiff, at the time of the institution of the trover suit and his arrest thereunder, was in possession of certain property, to wit, a suit of clothes, to which the defendant, who was the plaintiff in trover, claimed title, and that the defendant in trover had acquired the property from the plaintiff in trover, who was a clothing merchant and the true owner of the property, under some kind of a vague contractual transaction by which the defendant in trover had, at the instance of the owner of the property, signed a paper and procured possession of the property, the petition does not allege facts sufficient to show that in the transaction by which the defendant in trover acquired the property the title to the property was not, by contract and agreement between the parties, retained by the plaintiff in trover.

2. It not appearing from the facts alleged in the petition that the plaintiff in trover had not, in the transaction with the defendant in trover, retained title to the property in question, and it appearing from the allegations in the petition that the facts were sufficient otherwise to maintain a suit in trover by the plaintiff in trover against the defendant in trover, it does not appear that the plaintiff in trover, the defendant in the case under consideration, acted without probable cause.

3. That the plaintiff was a minor at the time of the alleged transaction by which he acquired possession of the property, and that therefore any contract reserving the title to the defendant, which may have been made, was void by reason of the plaintiff's minority, would not preclude the making of such contract as a matter of fact; and if such contract had been made as a matter of fact, even though void or voidable as a matter of law, since its invalidity would have to be set up by plea, the fact of the existence of such a contract would have been probable cause for the plaintiff in trover to act in instituting a trover proceeding.

4. The demurrer to the petition was therefore properly sustained.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 7, 1923.

Action for damages; from Fulton superior court — Judge Pendleton.   March 13, 1922.

*John F. Methvin,* for plaintiff.   *Troutman & Freeman,* for defendant.