514

18678.  HALLMAN v. OZBURN.

Decided August 30, 1928.

W. H. Terrell, for plaintiff.  Hooper & Hooper, for defendant.

JENKINS, P. J.  1.  Malicious use of legal process is where the plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause.  McElreath v. Gross, 23 Ga. App. 287 (98 S. E. 190).  In such a proceeding, while it is necessary that it shall appear that the previous litigation has finally terminated against the plaintiff therein, this fact, while generally sufficient to indicate where the preponderance of the evidence lies, furnishes no proof or presumption that the former proceeding was instituted maliciously or without probable cause (Farrar Lumber Co. v. Hogan, 25 Ga. App. 597, 103 S. E. 863) ; and this is the gist of the action.  It is not the policy of the law to give rise to a cause of action based on the malicious use of legal process merely because the plaintiff loses his case; if this were the rule, "the end of the action would be merely the beginning of litigation."  Porter v. Johnson, 96 Ga. 145, 148 (23 S. E. 123).  "The restrictions under which such actions are placed, and the guarded conditions authorizing them, clearly show that they are not highly favored or much encouraged, and this is because of their tendency to promote litigation and engender strife, as well as to deter persons from coming forward to vindicate the public justice and to insist upon their private rights in the only way that the law allows."  Wilcox v. McKenzie, 75 Ga. 73.  Accordingly, in a suit based upon the malicious use of legal process, not only must the termination of the previous litigation against the defendant be averred and proved, but it must also appear "from the facts alleged in the petition," that the defendant in instituting the process acted

maliciously and without probable cause. *Smith* v. *National Clothing Co.,* 29 *Ga. App.* 421 (116 S. E. 52). In such a suit, it is not sufficient for the pleader to merely set forth his conclusions in the language of the statute, but such facts must be averred and shown as will enable the court to say that, upon the proof of such facts, the jury would be authorized to find that the former suit was instituted maliciously and without probable cause, or that from such lack of probable cause they would be authorized to infer malice. Civil Code (1910), § 4444; *Darnell* v. *Shirley,* 31 *Ga. App.* 764 (122 S. E. 252). *Wilcox* v. *McKenzie,* supra.

2. In accordance with the foregoing ruling, the court did not err in dismissing the present action for an alleged malicious use of legal process by the defendant in having previously sued out a process of garnishment based on a pending suit to recover on a note the sum of $755, and on a check the sum of $250. While the petition alleges that the garnishment proceeding was instituted maliciously and without probable cause, and merely for the purpose of harassing the defendant in that suit into settling the claim, the petition fails to set forth any fact such as would authorize the pleader's conclusion that its purpose was malicious and without probable cause. Accordingly, the court did not err in dismissing the petition on demurrer, after having given the plaintiff opportunity to cure this fatal defect by amendment.

*Judgment affirmed. Stephens and Bell, J., concur.*