## 20298.   WILLIAMS *v.* ADELMAN.

Decided April 16, 1930. Rehearing denied May 13, 1930.

*Morris Macks,* for plaintiff.

*H. C. Holbrook, McDaniel, Neely & Marshall,* for defendant.

Luke, J. Robert Williams brought an action for damages against A. Adelman. In a single count the petition alleges both malicious abuse and malicious use of legal process. The question for decision is whether or not the court erred in sustaining the defendant's motion to dismiss the petition.

The petition alleges:

■ That the defendant, A. Adelman, is a resident of Atlanta, Georgia.

■ That said defendant has damaged petitioner in the sum of $2500.

■ ■ ■ That petitioner resides at 474 North Avenue, N. W., Atlanta, Georgia, "within several houses from where the defendant is engaged in business at 492 North Avenue, N. W., Atlanta, Georgia."

■ "That petitioner's residence and place of abode is wholly within the corporate limits of the City of Atlanta, which fact was well known to the defendant at the time hereinafter specified."

■ "That petitioner is employed as a laborer at the plant of the Atlantic Steel Company, which is located without the corporate limits of the City of Atlanta, . . in what is known as the 469 District, G. M., Fulton County, Ga."

■ "That although the defendant well knew that petitioner's place of abode was wholly without the jurisdiction of the N. P. & ex-off. J. P. court of the 469 Dist., G. M., Fulton County, Ga., and that said court was absolutely without any jurisdiction of petitioner, . . said defendant did, on or about September 20, 1928, file a suit against your petitioner in said court, . . to the October term, 1928, . . on an alleged grocery account, and upon said pending suit . . sued out garnishment proceedings in said court, and caused summons of garnishment to be issued and served upon his employer, Atlantic Steel Co., and caused the wages of petitioner to be withheld, except that part . . exempt from process of garnishment."

■ That petitioner applied to said court for release of his said wages, and was advised "that he would have to pay the court costs, which, with the principal of $7.20 claimed, amounted to $12.20; and when he neglected to pay said sum, another summons of garnishment was issued on the same affidavit and bond for garnishment, and served on his employer, Atlantic Steel Co."

■ "That he was required to employ counsel at an expense of $10 to represent him in procuring a release and dismissal of the garnishment proceedings, . . which were void and illegal ab initio."

■ "That he was never served with the alleged suit upon which the garnishment proceedings were predicated in any of the modes prescribed by law."

■ That plaintiff had to file in said court "a motion in the

nature of an illegality before he was able to have the entire illegal and void proceedings dismissed and the garnishee released."

That although said motion was filed in said court on Oct. 8, 1928, and "a release bearing date of Oct. 8, 1928, was mailed by said court to . . Atlantic Steel Co. . . on Oct. 10, 1928," said release was not received by the garnishee until Oct. 11, 1928.

"Petitioner was deprived of his earnings and wages wrongfully and illegally by virtue of the aforesaid void and illegal proceedings, sued out and caused to be issued by the said defendant" with full knowledge that said court was without jurisdiction of the person of petitioner, and that said garnishment proceedings were void and a nullity.

"Petitioner contends that all of the foregoing acts and doings of the defendant hereinbefore set forth are, and constitute in law, *a malicious abuse of legal process,* and entitle this petitioner to recover damages as laid in this complaint."

"That inasmuch as the aforesaid void and illegal proceedings have been ended and terminated, he is entitled to recover his damages as laid for *a malicious use of legal process.*"

Petitioner further shows that by reason of being deprived of his wages he could not procure current necessaries for his family, and could not supply his sick wife with "all medicine necessary, as he had to use his wages . . paid to him under his exemption to buy the necessary food for the family."

"Wherefore petitioner brings this complaint against . A. Adelman to recover his damages . . for the illegal use and illegal abuse of legal process. . ."

Confining ourselves to the question raised by the pleading and argued by counsel, we shall determine whether or not the petition sets out a cause of action, either for malicious abuse or malicious use of legal process.

"There is a malicious abuse of process where a party employs process, legally and properly issued, wrongfully and unlawfully for a purpose which it is not intended by law to effect." *Mullins* v. *Matthews,* 122 *Ga.* 286, 289 (50 S. E. 101) ; *Brantley* v. *Rhodes-Haverty Furniture Co.,* 131 *Ga.* 276, 281 (62 S. E. 222) ; *Collier Inc.* v. *Buice,* 36 *Ga. App.* 198 (136 S. E. 287) ; *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131) ; *Porter* v. *Johnson,* 96 *Ga.* 145. (23 S.

E. 123). "Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause." *McElreath* v. *Gross, 23 Ga. App.* 287 (98 S. E. 190); *Hallman* v. *Ozburn, 38 Ga. App.* 514 (144 S. E. 344). "The principal distinction between an action for malicious abuse of process and one for malicious prosecution is, that while the former lies for an improper use of the process after it issues, the latter is a malicious suing out of the process without probable cause." *Brantley* v. *Rhodes-Haverty Furniture Co.,* supra. It appears from the decision just cited that the court was using "malicious prosecution" in a broad sense, to include malicious use of process. While the essential elements of the two actions are the same, strictly speaking, malicious prosecution properly applies to actions for criminal prosecutions, while malicious use of process has reference to civil process. *Wilcox* v. *McKenzie, 75 Ga.* 73; *Grist* v. *White, 14 Ga. App.* 147 (2), 149 (80 S. E. 519); *Woodley* v. *Coker,* 119 *Ga.* 226, 228 (46 S. E. 89). "There are three essential elements which must appear before one can recover for malicious use of legal process: (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." *Fryer* v. *Morrison, 32 Ga. App.* 312 (123 S. E. 40); *McElreath* v. *Gross,* supra; *Marshall* v. *Armour Fertilizer Works, 24 Ga. App.* 403 (100 S. E. 766); *Clement* v. *Orr, 4 Ga. App.* 117, 118 (60 S. E. 1017). "It is only where malice is present and probable cause is absent that there can be a recovery." *Coleman* v. *Allen, 79 Ga.* 637 (5 S. E. 204, 11 Am. St. R. 449). See also *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628, 630 (43 S. E. 27). "Malice may be inferred from the total want of probable cause; but a total want of probable cause can not be inferred from the existence of the most express malice." *Marable* v. *Mayer, 78 Ga.* 710 (3 S. E. 429). Of course, it was essential to allege facts and circumstances sufficient to show that the defendant in the damage suit had proceeded against the plaintiff without probable cause. See *Marable* case, supra, and *Hicks* v. *Brantley,* 102 *Ga.* 264, 268 (29 S. E. 459).

In the light of the authorities cited, does the petition set out a cause of action for the malicious abuse of legal process? The

main suit was brought in a court having jurisdiction of the subject-matter, to collect a debt which was not denied. The summons of garnishment was served upon the corporation for which the plaintiff in error worked, and which owed him money. The entire proceedings were not employed for any specified unlawful object, but were used for the very purpose they were intended by law to effect. We are well satisfied that the allegations of the petition entirely fail to make a case of malicious abuse of process.

Does the petition set out a cause of action for the malicious use of legal process? We do not think it does. *The facts alleged in the petition* fail to show that in instituting the proceedings the defendant acted maliciously and without probable cause. In this connection, see *Hallman* v. *Ozburn*, supra; *Smith* v. *National Clothing Co.*, 29 *Ga. App.* 421 (116 S. E. 52); *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (122 S. E. 252). Therefore the trial judge properly sustained the motion to dismiss the petition, and his judgment so doing will not be disturbed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*