## 21237. MUMFORD v. SEARS, ROEBUCK & COMPANY.

BELL, J.   1. In actions for malicious use of legal process, the question as to probable cause is whether the defendant had reasonable ground to believe that the plaintiff was indebted to him in some amount as alleged in the former action.   *Hartshorn* v. *Smith*, 104 *Ga.* 235 (2), 239 (30 S. E. 666) ; *Sirmans* v. *Peterson*, 42 *Ga. App.* 707, 709 (157 S. E. 341).

2. Notice to an agent of any matter connected with his agency is notice to the principal.   Actual notice to the agent is imputed actual notice to the principal.   Civil Code (1910), § 3599; *Wiley* v. *Rome Insurance Co.*, 12 *Ga. App.* 186, 188 (76 S. E. 1067) ; *Shaw* v. *Allen*, 34 *Ga. App.* 111 (128 S. E. 699).

3. In the instant suit for the malicious use of civil process, the petition, as against a general demurrer, was sufficient to show by the facts pleaded that the defendant company had sued the plaintiff in the former action with actual knowledge that he was not indebted to it in any sum, and thus that the former suit was instituted entirely without probable cause.   *Slater* v. *Kimbro*, 91 *Ga.* 217 (18 S. E. 296, 44 Am. St. R. 19) ; *Hallman* v. *Ozburn*, 38 *Ga. App.* 514 (144 S. E. 344) ; *Williams* v. *Adelman*, 41 *Ga. App.* 424 (2) (153 S. E. 224).   The defendant through its agents was necessarily aware of the terms of the original contract of sale fixing the purchase price of the article in question, the amount of which the plaintiff had fully paid before the defendant sued out the purchase-money attachment.

4. A total want of probable cause is a circumstance from which malice may be inferred.   Civil Code (1910), § 4444; *Hicks* v. *Brantley*, 102 *Ga.* 264, 268 (29 S. E. 459) ; *Southwestern R. Co.* v. *Mitchell*, 80 *Ga.* 438 (5) (5 S. E. 490) ; *Stewart* v. *Mulligan*, 11 *Ga. App.* 660 (3) (75 S. E. 991) ; *Darnell* v. *Shirley*, 31 *Ga. App.* 764 (3) (122 S. E. 252).

5. It appearing, from the allegations, that the prior suit had terminated favorably to the present plaintiff, and the general allegations as to malice and want of probable cause being supported by the specific facts pleaded, a cause of action was stated, and the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 21, 1931.   REHEARING DENIED FEBRUARY 17, 1932.

*Thomas W. Jones,* for plaintiff.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.