250

23034, 23035.   WILCOXAN *v.* EQUITABLE LOAN
COMPANY *et al.*

DECIDED JANUARY 17, 1934.

*E. F. Goodrum,* for plaintiff.   *Park & Strozier,* for defendants.

JENKINS, P. J.   Wilcoxan and his wife filed separate actions for $5000 damages each against two corporations.   The allegations being substantially the same, the exceptions to judgments sustaining general demurrers to the amended petitions will be treated together. It is alleged in substance that the defendants caused to be foreclosed in a municipal court an alleged bill of sale to secure a $280 debt, covering household effects belonging to the wife, and caused such effects to be levied upon and stored under the process for several months, when the case was dismissed on petitioners' motion for want of a cause of action; that they were wrongfully deprived of the use of the property; that the husband was "merely indorser on the debt evidenced" by the instrument, and had theretofore been "relieved of his liability as surety for his wife  .  .   through discharge in bankruptcy, which facts were known to the defendants" at the time of the foreclosure; that at such time the "defendants had no valid claim in fact" against either of the plaintiffs; that such "act of the defendants in obtaining said foreclosure was wanton, wrongful, and without probable cause, for that the instrument on which said foreclosure was obtained was null, void, and unenforceable in either law or equity," and was done "maliciously." The petitions allege that the wife was the owner of the goods.   The husband states that he was humiliated, embarrassed, and wronged by the levy and by having to defend the suit, which was without merit.   The bill of sale, attached to and made part of the amended petition, is signed by both husband and wife apparently as principals and owners of the goods, and indicates nothing to show that it was void or unenforceable.   The copy of the record in the former

case shows on the fi. fa. and levy merely the entry, "Dismissed Aug. 8, 1932," signed by the attorney for the plaintiff: There are no other averments of fact showing either want of probable cause or malice by the defendants in the former action.

1. As appears from the allegations of the petition and the statement of counsel for the plaintiffs in their brief, the suits are based upon alleged malicious use, and not abuse, of legal process.

2. "Malicious use of legal process is where a plaintiff in a civil proceeding employs the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause." *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190). See also *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (163 S. E. 212), s. c. 45 *Ga. App.* 395 (165 S. E. 160). There are three essential elements which must appear before one can recover in such an action: (1) malice, (2) want of probable cause, and (3) the termination of the proceeding complained of in favor of the defendant therein. *Marshall* v. *Armour Fertilizer Works,* 24 *Ga. App.* 402 (5) (100 S. E. 766); *Fryer* v. *Morrison,* 32 *Ga. App.* 312 (123 S. E. 40). See also *Haverty Furniture Co.* v. *Thompson,* 46 *Ga. App.* 739, 742 (4) (169 S. E. 213). "Plaintiff must set forth the facts from which the elements appear, and not merely state conclusions." 50 C. J. 623, § 397. "It is not the policy of the law to give rise to a cause of action based on the malicious use of legal process merely because the plaintiff loses his case; if this were the rule, 'the end of the action would be merely the beginning of litigation.' . . In such a suit, it is not sufficient for the pleader to merely set forth his conclusions in the language of the statute, but such facts must be averred and shown as will enable the court to say that, upon proof of such facts, the jury would be authorized to find that the former suit was instituted maliciously and without probable cause, or that from such lack of probable cause they would be authorized to infer malice." *Hallman* v. *Ozburn,* 38 *Ga. App.* 514, 515 (144 S. E. 344); *Porter* v. *Johnson,* 96 *Ga.* 145, 148 (23 S. E. 123); *Hicks* v. *Brantley,* 102 *Ga.* 264, 268 (29 S. E. 459); *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Smith* v. *National Clothing Co.,* 29 *Ga. App.* 421 (116 S. E. 52); *Williams* v. *Adelman,* 41 *Ga. App.* 424 (2), 427 (153 S. E. 224). "Malice may be inferred from the total want of probable cause; but a total want of probable cause can not

be inferred from the existence of the most express malice." *Marable* v. *Mayer*, 78 *Ga.* 710 (3 S. E. 429). Designating the former proceeding and the conduct of the plaintiff therein as "wanton, wrongful, malicious, and without probable cause," and the instrument forming the basis of such proceeding as "null, void, and unenforceable," with similar characterizations, is the averment merely of conclusions of law, unless facts and circumstances are alleged, to show the existence of malice and want of probable cause, and the fictitious, fraudulent, or baseless character of the instrument or cause of action claimed.

3. Applying the foregoing tests to the petition, it failed to state a cause of action.

4. In the suit of the husband, the petition alleging that the property belonged to the wife, no right of action in the husband for damages from its seizure is made to appear. Nor do the averments as to his discharge in bankruptcy aid his petition, since such a discharge would affect only his personal liability, and would not preclude the holder of the bill of sale to secure debt from making him a party defendant to a foreclosure against the property, where the instrument was signed by both the husband and wife apparently as principals and owners in the transaction.

5. The court properly sustained the general demurrers to the petition as amended.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*