42426. WALKER v. KYSER et al.

PANNELL, Judge. Hazel Walker brought an action against John L. Kyser, and against "Richard A. Thibadeau, Tom C. Penland and Ernest Woodie Smith, partners, associated in business under the common name and style Thibadeau, Penland and Smith," the petition as amended alleging, among other

things, that "[5.] On January 15, 1964, defendant Ernest Woodie Smith, maliciously, and without probable cause, executed an affidavit of attachment in garnishment against the property of the petitioner in Case No. A-3307, a tort action then about to be sued out in the Civil and Criminal Court of DeKalb County by defendant John J. Kyser through his attorneys, Thibadeau, Penland and Smith. A true copy of the affidavit of attachment is attached hereto made a part hereof, and marked Exhibit A." and "[6.] That thereupon defendant, Ernest Woodie Smith, maliciously and without probable cause, caused the attachment and a summons of garnishment to be issued and served upon The Citizens and Southern National Bank which was compelled to pay into court three hundred seventy-five and 45/100 dollars ($375.45) of petitioner's funds less a deduction of forty and no/100 dollars ($40.00) as attorney's fees. The net amount paid into court being three hundred thirty-five and 45/100 dollars ($335.45)." The petition also alleged that upon a trial of a traverse to the attachment, the attachment was dissolved and the garnishment dismissed, then after alleging various items of damages, alleged "[14.] By executing and causing the execution of the affidavit of attachment, and causing the attachment and a summons of garnishment to issue, on the grounds that the petitioner was about to remove from the county, when, as a matter of fact, at the time that Ernie Woodie Smith executed the affidavit and caused the summons of garnishment to issue and be served, *the defendants well knew that the assertions in affidavit were untrue,* and further, the defendants knowing that petitioner was still continuously residing on the same premises from which defendant Ernest Woodie Smith two days after he executed the affidavit, demanded that she move and vacate the same, the *defendants acted maliciously, without probable cause and showed a wanton and willful disregard for the consequences of their acts.*"

The trial judge sustained individual general demurrers of defendants Kyser, Penland and Smith and then several days later sustained the "demurrers" of defendant Thibadeau, which included a general demurrer, and special demurrers to Paragraphs 5 and 14 to the petition as amended, and particularly to the language in italics. Plaintiff appeals. *Held:*

1. "[I]n a suit based upon the malicious use of legal process,

not only must the termination of the previous litigation against the defendant be averred and proved, but it must also appear 'from the facts alleged in the petition,' that the defendant in instituting the process acted maliciously and without probable cause. *Smith v. National Clothing Co.*, 29 Ga. App. 421 (116 SE 52). In such a suit, it is not sufficient for the pleader to merely set forth his conclusions in the language of the statute, but such facts must be averred and shown as will enable the court to say that, upon the proof of such facts, the jury would be authorized to find that the former suit was instituted maliciously and without probable cause, or that from such lack of probable cause they would be authorized to infer malice. Civil Code (1910), § 4444; *Darnell v. Shirley*, 31 Ga. App. 764 (122 SE 252)." *Hallman v. Ozburn*, 38 Ga. App. 514 (1) (144 SE 344).

2. Yet where, as in the present case, a traverse to the affidavit setting forth the grounds upon which an attachment in garnishment was based, is sustained, and the attachment dissolved, and the defendant in attachment institutes an action against the plaintiff in attachment, and a firm of three attorneys, one of whom made oath to the affidavit and caused the attachment in garnishment to issue, and which further alleges that "by causing" the affidavit to be made and the garnishment to issue when "the defendants well knew that the assertions in the affidavit were untrue" the "defendants acted maliciously, without probable cause and showed a wanton and willful disregard for the consequences of their act," the petition contains sufficient allegations to show the "defendants" acted in concert and thus to withstand the individual demurrers. The trial court, therefore, erred in sustaining the general demurrers of Kyser, Penland and Smith.

3. A different result is reached, however, on the sustaining of the demurrers of the defendant, Thibadeau. Among the demurrers of this defendant which were sustained were special demurrers attacking the italicized language in paragraphs 5 and 14 of the petition *as insufficient against the demurrant,* and, without which the petition set forth no cause of action against Thibadeau under the rules set forth in Division 1. The sustaining of these special demurrers was equivalent to striking the language demurred to for the purpose of considering the general demurrer of Thibadeau.

*White v. Little,* 139 Ga. 522 (3) (77 SE 646). There is no enumeration of error by the appellant on the sustaining of these special demurrers, error being enumerated only on the sustaining of the general demurrer of this defendant. Under these circumstances, the trial judge must be affirmed in sustaining the general demurrer of the defendant, Thibadeau, which demurred to the petition on the grounds that it did not set forth a cause of action "against this defendant." Under these circumstances the sustaining of the general demurrer of this defendant does not inure to the benefit of the other defendants who separately demurred in the same manner. For cases where a different type of general demurrer would have inured to the benefit of the other defendants, see *Peoples Loan Co. v. Allen,* 198 Ga. 516, 519 (32 SE2d 175) and cases cited; *Screven Oil Mill v. Crosby,* 95 Ga. App. 363 (2) (97 SE2d 919); *Young v. Koger,* 94 Ga. App. 524, 528 (2) (95 SE2d 385); *Goodwin v. Candace, Inc.,* 92 Ga. App. 438, 443 (88 SE2d 723); *Benson v. Lewis,* 176 Ga. 20 (2) (166 SE 835). The ruling here determined that the petition set forth no cause of action against Thibadeau; it did not determine that the petition set forth no cause of action generally.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Frankum, P. J., concur.*

ARGUED NOVEMBER 8, 1966—DECIDED FEBRUARY 14, 1967— REHEARING DENIED FEBRUARY 28, 1967—

*Barber & Rambo, Olin Rambo, John Hollis Allen,* for appellant.

*Lokey & Bowden, Glenn Frick, Woodruff, Savell, Lane & Williams, A. Ed Lane, Zachary & Hunter, John C. Hunter,* for appellees.