### 47318.   BURKE LOAN COMPANY, INC. v. KELLY.

HALL, Presiding Judge. Defendant in an action for malicious prosecution appeals from the denial of its motion for summary judgment.

Plaintiff had borrowed money ($70) from the defendant loan company and had pledged as security what appears to be the bulk of her household goods. Upon her default, the defendant instituted foreclosure proceedings on the secured property. The deputy sheriff made a return on the foreclosure execution which reads in its entirety: "Due search made and within property could not be made." Based only on this return, the defendant's manager took out a warrant charging plaintiff with disposing of mortgaged property. The plaintiff was tried and received a directed verdict of acquittal. She then brought this action for malicious prosecution.

Defendant contends it is entitled to summary judgment because when the material facts are not in dispute, the existence of probable cause is a question of law (*Morgan v. Mize,* 118 Ga. App. 534 (164 SE2d 565)); and that the entry of nulla bona by the sheriff was, as a matter of law, sufficient probable cause for the prosecution. It is, of course, a crime to dispose of or remove mortgaged property with intent to defraud the mortgagee. *Code* § 67-9901. In the same chapter, provision is made for shifting the burden of proof in the criminal prosecution (which is not in issue here) when a nulla bona is shown. Defendant contends that the same showing ought to furnish sufficient probable cause for the prosecution as a matter of law. We would agree if all the requirements of the statute were met. The section reads: "When search shall have been made in any of said cases by the levying officer for the purpose of levying said execution, and the property described therein is not found at defendant's home, and if defendant shall fail or refuse to direct said levying officer to said property, said officer shall enter a nulla bona; . . ." *Code* § 67-9905.

There is nothing in the deputy's return which would indicate that the plaintiff had failed or refused to direct him to the property, or that he had even seen the plaintiff. Indeed, the syntax is so confused, the sentence could be interpreted to mean that a search within could not be

made. This particular return, standing alone, does not supply probable cause as a matter of law for a prosecution under *Code* § 67-9901.

Defendant also contends that in response to its sworn denial of malice, plaintiff has neither alleged nor shown by affidavit any facts which would prove malice—an essential element of the action. We agree that a bare assertion of malice in the complaint would be insufficient to withstand this motion. *Hallman v. Ozburn,* 38 Ga. App. 514 (144 SE 344). However, the documentary evidence, the answers to interrogatories and defendant's own affidavits when read together set forth a set of circumstances from which a jury might infer malice. The court did not err in denying the motion for summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
SUBMITTED JULY 6, 1972—DECIDED SEPTEMBER 5, 1972.

*George W. Fryhofer,* for appellant.
*Saul & Bowen, Percy J. Blount,* for appellee.