### JOHNSON *v.* CURRY & SEALY.

In a written contract one party, for a named consideration, "granted, leased, and conveyed" all the pine timber upon a described tract of land to others, "for the purpose of boxing, working, and otherwise using such timber for turpentine purposes" within 4 years from the

time such use of the timber began, the former unto the latter and their assigns warranting the "timber with the right to box, work, and otherwise use the same for turpentine purposes." The contract provided that the obligees therein might assign "this lease," and that all the rights and privileges thereunder should "vest in whomsoever may succeed to the interests hereby conveyed" to such obligees. On the back of the contract was a writing signed by the obligees, reciting that "for value received we hereby transfer to W. A. Johnson the within lease." The obligor in the original contract only had a life-estate in the timber and land, and after Johnson, the assignee, began to cut boxes in the timber, he was enjoined from further using the timber by the real owners thereof. Whereupon the assignee brought suit against the assignors to recover the consideration paid them for the assignment, alleging in his petition the death of the obligor in the original contract and the insolvency of her estate. *Held*, that the assignee in such assignment did not impliedly warrant that the obligor in the original contract had the right to confer the privileges undertaken to be conveyed therein, and the court committed no error in dismissing the petition upon demurrer thereto.

JUNE 16, 1910.

Action for breach of warranty. Before Judge Worrill. Randolph superior court. January 14, 1909.

*W. H. Gurr,* for plaintiff.

*M. C. Edwards,* for defendants.

HOLDEN, J. The defendants in error, who were also the defendants in the court below, held an agreement executed to them on October 25, 1905, by Mrs. L. J. Avera, wherein the former were granted a right to box and work the pine timber on certain lands for turpentine purposes for a period of four years after beginning operations. This contract was by the defendants, on November 8, 1905, assigned to the plaintiff by a transfer endorsed thereon and signed by the defendants, reading as follows: "For value received we hereby transfer to W. A. Johnson the within lease, with the understanding that he cancels one lease previously given him by Mrs. L. J. Avera." (In his petition in the present case, the plaintiff alleged a compliance with the condition named in the transfer.) After the plaintiff had boxed the trees on the land referred to in the contract, he was restrained by an order of the court, granted on November 19, 1906, from further operations thereon, at the instance of the heirs of Arthur D. Avera, who claimed to own the fee-simple title to the property covered by the contract, and that Mrs. L. J. Avera, who executed it, had only a life-estate which had then determined by her death. Thereupon the plaintiff, after

ascertaining the correctness of this. contention of the heirs, acting upon legal advice, relinquished any further attempt to enforce the assigned contract as against the Avera heirs, and brought suit against the defendants to recover the consideration paid them for a transfer of the contract, alleging the insolvency of Mrs. Avera, the original obligor. There was no allegation that either the plaintiff or the defendants knew that Mrs. Avera had only a life-estate, nor was there any allegation concerning any express warranty by the defendants. The petition was dismissed by the court upon demurrer filed thereto, and the plaintiff excepted.

We think the court committed no error in sustaining the demurrer to the petition and dismissing the same. In the case of *Thompson* v. *First State Bank*, 102 *Ga.* 696, 698 (29 S. E. 610), the court uses this language: "It is true that in the assignment of a judgment the assignor impliedly warrants that the judgment is unsatisfied, that he has a legal title, and that it is a valid and sub-sisting obligation for the sum for which it purports to be, but there is no implied warranty of the solvency of the judgment debtor." In the case of Gifford v. West, 33 Wis. 617, it was ruled: "The doctrine of this court in Hurd v. Hall (12 Wis. 112, 135), and subsequent cases, that in the assignment of an instrument or contract in writing, though not negotiable, for a full and fair price, the assignor impliedly *warrants* that it is valid, and that the obligor is liable upon it, unless it clearly appears that the parties intended otherwise, approved and followed. Such implied warranty is limited to the *validity* of the contract or chose in action sold, or the *liability* of the persons appearing as parties to it, and does not include their ability to discharge its obligation or to furnish satisfaction out of their property." We do not think in the present case the assignor is liable to the assignee because the maker of the original contract only had a life-estate in the timber about which the contract was made, and died before the rights of the assignee afforded by the contract had been exercised. It is true that the assignor, in assigning the contract, impliedly warranted, among other things, that the contract was genuine, and that the assignee had a right to demand of the obligor therein, or the representatives of her estate in case of her death, what the contract called for; but this implied warranty did not include a guaranty of the ability of the obligor to carry out her part of the

contract by affording the assignee a valid and enforceable right to exercise the rights accorded him thereunder with reference to the timber, or of her ability to respond in damages if she was unable to give to the assignee the privilege of exercising such rights. The fact that the assignee was unable to avail himself of the privileges sought to be afforded by the obligor in the contract gave the former a right of action against the latter, if living, and against the representatives of her estate in case of her death; and the assignor, when he transferred the contract to the assignee, did have the right to demand of the obligor the right to exercise such privileges, which right was transferred to the assignee. The contract provided in terms that the defendants could assign it, and that the assignee, under the assignment, should acquire all of the rights which they had by virtue of the contract, and the assignment simply placed the assignee in the shoes of the assignors, with all of the rights and privileges which the latter had under and by virtue of the contract. The original contract provided that the obligor therein, "her heirs, executors, and administrators, the said granted and leased timber, with the right to box, work, and otherwise use the same for turpentine purposes, unto the said parties of the second part, their heirs and assigns, will forever warrant and defend." Under the contract, the assignee of the obligees therein succeeded to all the rights and remedies of the assignor in case of any breach of this warranty. If the assignee wanted to hold the assignors liable on a similar warranty, he should have had a contract providing for such warranty. There was no implied warranty on the part of the assignors that the obligor would survive until the privileges referred to in the contract were exercised by the assignee, or that such privileges could be exercised after her death. In such an assignment it was not implied that the assignor warranted the obligor had a right to confer the privileges referred to in the contract, though the assignor did impliedly warrant that the obligor was by virtue of such contract, at the time of the assignment, under a valid obligation to accord to the assignee a valid right to the exercise of such privileges. In such an assignment there is no more an implied warranty that the obligor in the original contract had such a title as permitted her to allow the exercise of the privileges referred to in the contract than there is in an assignment by the holder of a judgment an implied war-

ranty that the party against whom the judgment exists is able to pay it.. In both instances, in the absence of any stipulation to the contrary, there is simply an implied warranty that the assignee will have a valid right to demand that the third party respond and fulfill his obligations, and no implied warranty that such obligor is able to respond and fulfill the obligation imposed upon him. In the assignment we are considering, the assignor impliedly warranted that the obligor in the contract assigned was under a legal obligation to perform it and accord to the assignee a legal and enforceable right to the exercise of the privileges undertaken to be conferred by it; but there was no implied warranty on the part of the assignor that the obligor in the original contract could or would faithfully perform it, or could or would permit the exercise of the privileges undertaken to be conferred by it. In this connection, see 1 Jones on Mortgages, § 884.

*Judgment affirmed.    All the Justices concur.*