*W. D. Crawford,* contra.

---

16772, 16782. EHRLICH *v.* EXCHANGE BANK OF SAVANNAH; and *vice versa.*

STEPHENS, J. 1. An agreement by which a creditor extends to his debtor additional time in which to meet the obligation does not contain a contractual obligation by the creditor to refrain from bringing suit on the

original obligation before the expiration of the extended time agreed upon in the extension agreement. There being no duty resting upon the creditor under such circumstances to refrain from bringing suit, a suit brought by the creditor before the expiration of the extended time, which does not contain therein any element of malicious use or abuse of process, violates no duty owed by him to the debtor, and affords no ground for a suit by the debtor against the creditor, for damages, either in tort or contract, based upon such premature institution of suit.

2. Where the times of payment of certain promissory notes have been extended by a separate agreement between the debtor and the creditor, a suit brought upon the notes after the expiration of the time of extension under the collateral agreement is nevertheless a suit upon the same cause of action as the suit brought upon the same notes prior to the expiration of this time but after the maturity of the notes as appears in the body of the notes. See, in this connection, Gribben v. Clement, 141 Iowa, 144 (119 N. W. 596, 133 Am. St. R. 157, 161); Lynch v. Schemmel, 176 Iowa, 499 (155 N. W. 1019). It follows, therefore, that where suit is brought upon the notes after their maturity but before the expiration of the extended time for payment agreed upon in the collateral agreement, and after a plea in abatement setting up that the suit is prematurely brought, the creditor voluntarily dismisses the suit, and upon the following day, which is after the expiration of the time of the extension agreed upon, the creditor notifies the debtor by giving him the statutory notice of his intention to bring suit upon the notes at a subsequent term· of court, and ask for attorney's fees, and where before the institution of the second suit the debtor pays the indebtedness, it appears that the creditor in dismissing the first suit had not abandoned the prosecution of the suit upon the notes, and, since the debtor paid the indebtedness, it appears that the prosecution had not ended favorably to the debtor. *Hartshorn* v. *Smith*, 104 *Ga.* 235 (30 S. E. 666); *Waters* v. *Winn*, 142 *Ga.* 138 (82 S. E. 537, L. R. A. 1915A, 601 Ann. Cas. 1915D, 1248); 19 Am. & Eng. Enc. Law, 684. Therefore, no right of action for malicious use of the process of the court by the institution of the first suit accrues to the debtor against the creditor.

3. Although the creditor may have been actuated by malice against the debtor in the institution of the first suit on the notes, and may have instituted it for the purpose of injuring the debtor's credit and embarrassing him in his business, and may have succeeded therein, yet where it appears that the process of the court, although sued out before the debt was due under the terms of the alleged extension agreement, was used for the legitimate purpose of collecting an undisputed indebtedness, it can not be inferred that the creditor in instituting the suit was guilty of an abuse of the process of the court. *McElreath* v. *Gross*, 23 *Ga. App.* 287 (98 S. E. 190).

4. Applying the foregoing rulings, in a suit by the debtor against the creditor, for damages alleged to have been sustained by reason of the institution of the original suit alleged to have been prematurely brought upon the notes, construing the case either as an action in tort for a breach of duty alleged to have been owing by the creditor to the debtor under the contract of extension, or as a case of malicious use of process,

or as a case of an abuse of process, the evidence failed to authorize a verdict for the plaintiff, and the trial judge properly directed a verdict in favor of the defendant.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., dissents. Bell, J., concurs.*

DECIDED OCTOBER 2, 1926.

Action for damages; from city court of Savannah—Judge Freeman. June 25, 1925.

*Oliver & Oliver, T. N. Brown,* for plaintiff.

*Lawrence & Abrahams,* for defendant.