## 19986. WILK *v.* BENNETT.

DECIDED AUGUST 28, 1930.

*Orin J. Bundy, J. L. R. Boyd,* for plaintiff.
*R. R. Jackson, D. K. Johnston,* for defendants.

STEPHENS, J. This case arises upon a bill of exceptions brought by Karl Wilk, excepting to the sustaining of a demurrer to his petition, both general and special, filed by one of the defendants, J. H. Bennett. Although demurrers filed by the other defendants were sustained, no exceptions thereto were taken. The plaintiff charges that the defendant, J. H. Bennett, entered into a conspiracy with the other defendants to violate the act of the legislature of 1920 known as the small-loan act; that Bennett, together with another defendant, was to make loans of money and take salary assignments from the borrowers as security for these loans; that other of the defendants were to prepare the salary assignments; that the salary assignments were actually prepared as absolute assignments, to the lenders, of the wages of the borrowers, and passed title thereto, and were not assignments as security for the loans; that two other of the defendants were to become justices of the peace, and some of the defendants were to act as attorneys at law for the lenders in instituting suits against the borrowers upon loans so made; that it was agreed by the defendants who were to become justices of the peace that they were, irrespective of the nature of the evidence adduced upon the trial, to decide all such cases in favor of the plaintiffs; that after the defendants had made such agreements, and thereby entered into the alleged conspiracy, J. H. Bennett loaned certain amounts of money to the plaintiff, aggregating $140.70, upon which $10.50 was charged as interest, and of which principal

$120.60 had been repaid; that Bennett had never procured a license to make loans, as required by the small-loan act of 1920; that Bennett, through another one of the defendants as his attorney, instituted suit against the plaintiff, to recover the balance due on the loan, in the court presided over by another of the defendants who had agreed, as justice of the peace, to decide in favor of the person making the loan; that after the case had, under an agreement between the justice of the peace and the attorneys, been set for trial upon a named date, the justice of the peace rendered judgment for the plaintiff, J. H. Bennett, against petitioner (then defendant), Karl Wilk; that after the attorney for Wilk ascertained this fact, he obtained from the justice of the peace an agreement to "reopen" the case and set it for trial at a future date to "be agreed on by all parties;" that the attorney for Wilk was unable to get in communication with the attorneys for Bennett, and the time within which to file an appeal expired, and the justice of the peace, "in accordance with the plan of the conspirators, refused to reopen the trial;" that afterwards Bennett served notice upon "the chief clerk of the railway mail service" that he had a valid judgment against the petitioner, although Bennett "knew as a matter of fact that the same was void both as being taken on illegal claims and because obtained by a fraud;" that Bennett has damaged petitioner "by taking $120.60 as principal and $10.50 interest on the loan illegally made by Bennett;. that Bennett has damaged petitioner "by circulating of the libel referred to above, knowing that the same was false, and publishing the same for the purpose of injuring the petitioner with his employer, and to force the petitioner to pay illegal charges, and to enforce contracts forbidden by law to be enforced in this State, to the damage of the petitioner in the sum of $5,000;" and that Bennett further damaged petitioner in the sum of $5,000 by reason of "the injury to the reputation of the petitioner by the taking of said void judgment and the malicious issuance of attachment thereon by the defendant J. H. Bennett."

Assuming that the petition alleges a violation by J. H. Bennett, the defendant, of the provisions of the small-loan act of 1920, by charging interest in excess of that permitted by law, or by engaging in the business of making loans of money without having obtained a license as required by law, the institution, by J. H. Bennett,

of a suit against the borrower of money upon such a contract can constitute no actionable wrong against the borrower, unless the suit was instituted maliciously or was procured under such circumstances as would amount to a malicious abuse of the process of the courts. No facts were alleged in the petition to show either that the suit was instituted maliciously or that its institution amounted to a malicious abuse of the process of the courts. It appears to be no more than a suit in which the plaintiff therein sought to recover money which he had loaned, and to which suit the defendant had a meritorious defense in law. The institution of this suit certainly constituted no tortious wrong to the defendant therein. See, in this connection, *Ehrlich* v. *Exchange Bank*, 35 *Ga. App.* 790 (134 S. E. 809).

The fact that a judgment in a suit has been obtained fraudulently and without the knowledge of the defendant, upon a date other than the date set for trial, constitutes no actionable wrong against the defendant. The defendant's remedy would be a motion to set aside the judgment, upon the ground of the alleged fraud. Even if the justice of the peace had made any agreement with Bennett to decide cases in favor of Bennett irrespective of the nature of the evidence, it does not appear from the allegations in the petition that the judgment which was rendered in the justice's court in favor of Bennett was rendered corruptly by the justice of the peace, and without regard to the evidence. So far as appears from the allegations in the petition, other than mere conclusions of the pleader, the judgment was issued after a proper consideration of the law and the evidence. No conspiracy, as alleged, entered into by Bennett with any of the other defendants added any injury or damage to the plaintiff by virtue of any act of Bennett in relation thereto. The petition set out no cause of action in favor of Karl Wilk against J. H. Bennett, and the trial judge properly sustained the demurrer filed by the defendant.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*