### 20774. ATLANTA FINANCE COMPANY v. CAIN.

LUKE, J. This was a suit for damages, based upon malicious abuse of legal process. "Malicious abuse of legal process is where a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which such a process is not intended by law to effect." *McElreath* v. *Gross*, 23 *Ga. App.* 287 (2), 289, 290 (98 S. E. 190). In the instant case the petition as finally amended contained no allegation of *fact* that the court proceedings complained of were employed for any specified perversion or misapplication of the process. The allegations in the petition that the court proceedings were so employed were not supported by the facts set forth in the petition, and were mere conclusions of the pleader. It follows that the petition failed to set out a cause of action for malicious abuse of legal process, and that the court erred in overruling the general demurrer. See *Ehrlich* v. *Exchange Bank*, 35 *Ga. App.* 790 (3, 4) (134 S. E. 809) ; *American Wholesale Corporation* v. *Kahn*, 42 *Ga. App.* 411 (156 S. E. 324).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 23, 1931.

*R. R. Jackson,* for plaintiff in error.
*J. L. R. Boyd, O. J. Bundy, V. K. Meador,* contra.