**21063. DECATUR BANK & TRUST COMPANY v. BRANNEN et al.**

BELL, J. 1. The allegations in the answer that the plaintiff bank had damaged the defendant by foreclosing a mortgage which it had agreed to cancel upon the payment of a certain sum were fatally defective and insufficient to set forth a valid defense, because it affirmatively appeared both that the agreement was without consideration and that the defendant had failed to pay the amount at the time stipulated. Moreover, a third ground of infirmity in this plea was that it sought to set off damages for a tort against an action ex contractu. *Blalock* v. *Jackson*, 94 *Ga.* 469 (3) (20 S. E. 346); *Bush* v. *Rawlins*, 89 *Ga.* 117 (14 S. E. 886); *Ehrlich* v. *Exchange Bank*, 35 *Ga. App.* 790 (134 S. E. 809); *Ray* v. *Anderson*, 119 *Ga.* 926 (1b) (47 S. E. 205).

2. In a suit upon promissory notes a plea that the notes were given for the purchase-money of certain property, as an outfit for the grading and building of public roads, and of an assignment of an indebtedness due by the State Highway Department to the payee as "retainage" on contracts partly performed, and represented by the payee to the maker as amounting to about $2,000, and that when the engineer of the highway department "did check up the work" done by the payee he allowed and paid to the defendant only $136.66, was inadequate to show any breach of warranty by the payee in the sale of such chose in action, since it was not averred that the State Highway Department did not in fact owe the payee the sum which he claimed and represented to the defendant as the amount of this indebtedness. The bare statement in the plea that the defendant had collected only the smaller sum did not show that the larger amount was not owed as represented, and, thus, was insufficient to establish the alleged failure of consideration as for a breach of warranty. *Thompson* v. *First State Bank*, 102 *Ga.* 696, 698 (29 S. E. 610); *Johnson* v. *Curry*, 134 *Ga.* 583 (68 S. E. 298); 5 C. J. 968.

3. The defendant's evidence did not tend to prove more by way of defense than was alleged in his answer, and, therefore, the verdict in his favor was unauthorized and should have been set aside on the plaintiff's motion for a new trial, irrespective of whether the plaintiff was a holder in due course.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1931.

*Kirkland & Kirkland,* for plaintiff.
*J. L. Brown, Anderson & Jones,* for defendants.