EXCHANGE NATIONAL BANK OF ROME *v.* COVINGTON *et al.*

HINES, J. 1. The subject-matter of the present suit being the same as that set up and involved in a previous claim case between the same parties, wherein by amendment the claimant, who is the plaintiff in the present action, set up the same cause of action, asserted the same rights, and prayed for the same relief as in the instant case, and as a verdict and judgment were rendered against the plaintiff in said claim proceeding, the plaintiff is concluded by the judgment adverse to it in the claim case. Civil Code (1910), § 4335; *Pollard* v. *King*, 63 *Ga.* 224; *Garlington* v. *Fletcher*, 111 *Ga.* 861 (36 S. E. 920); *Hollinshead* v. *Woodard*, 128 *Ga.* 7 (57 S. E. 79); *McLendon* v. *Shumate*, 128 *Ga.* 526 (57 S. E. 886).

2. The above ruling renders it unnecessary for us to determine what would have been the rights of the plaintiff, under the facts of this record, but for said judgment.

3. The court did not err in refusing to grant an injunction.

*Judgment affirmed. All the Justices concur.*

No. 4652. MARCH 11, 1925.

Petition for injunction. Before Judge Wright. Floyd superior court. December 1, 1924.

The Exchange National Bank of Rome filed its petition against L. H. Covington and the sheriff of Floyd County, for injunction and relief. From the record the following facts appear: C. T. Jervis owned separate parcels of real property located in the City of Rome. On September 8, 1921, Jervis conveyed one of said tracts to the Exchange National Bank of Rome to secure a debt, and on May 22, 1923, by warranty deed, he conveyed said tract absolutely to said bank. On June 28, 1923, Jervis conveyed one of said tracts to Ida M. Fenner in settlement of a debt due by him to her, and secured by prior security deed. On April 22, 1910, Jervis conveyed one of said tracts to J. P. Cooper, trustee, to secure a debt, and on April 3, 1923, Cooper, trustee, sold said tract under a

power of sale contained in his security deed, and it was purchased by the National City Bank. On December 15, 1921, Jervis conveyed to Lila W. Gammon three of said tracts to secure a debt. On December 19, 1921, Jervis conveyed to L. F. McKoy one of said tracts to secure a debt. On June 23, 1922, Jervis conveyed to Aaron S. Formby one of said tracts. On August 8, 1924, Jervis conveyed one of said tracts to R. A. Denny and Graham Wright. All of these tracts were returned by Jervis as his property for taxation in the years 1920, 1921, 1922, and 1923, except that the tract conveyed·to Formby was not included in his tax return for 1923. Fi. fas. issued against Jervis for his State and county taxes in said years, and fi. fas. for his city taxes were issued against him for 1921, 1922, and 1923. All of these fi. fas. were transferred to Covington. Covington had the State and county tax fi. fa. for 1922 levied on the property conveyed to the Exchange National Bank, and placed all the other fi. fas. in the hands of the sheriff with notice that he claimed the proceeds arising from the sale of said property under said fi. fas. Prior to the advertisement of the property for sale under said levy, the attorney for the Exchange National Bank at different times requested Covington to furnish the bank the exact amount of all valid tax fi. fas., including principal, interest, and cost, which he held against Jervis as transferee. Covington gave to the attorney for this bank the total amount due as $823.63. The attorney stated to Covington that he was ready and willing to pay to him all of the principal, interest, and cost due him on said fi. fas., if he would transfer said fi. fas. to the Exchange National Bank. Covington stated he would not accept such payment and transfer said papers without the release of the lien of said fi. fas. on three parcels of property. Jervis is insolvent and in bankruptcy. Petitioner prayed that a decree be rendered that Covington, upon tender of the amount due on said fi. fas., be required to transfer the same to petitioner, that on default thereof the decree operate as such assignment, that Covington be adjudged liable for the cost of advertising said property and of this proceeding, that the defendants be enjoined from selling petitioner's property or otherwise proceeding against the same under said fi. fa., that the court decree that said fi. fas. constitute a cloud upon its title, that the same be ordered canceled so

far as they affect said property, and that petitioner have general relief.

Covington demurred to the petition on the grounds, (1) that it set forth no cause of action; (2) that it was an effort to compel contribution or an election of the party holding said tax fi. fas. duly transferred to him, who is not the owner of nor interested in any way in any of the property described in said petition, and it will not lie to compel election by said holder of the property against which he will proceed; (3) that he is entitled to proceed against any of said property as he deems best; (4) that the offer of plaintiff to pay said fi. fas. was not a legal tender, and was coupled with a condition that they were to be transferred to plaintiff; and (5) that there is a nonjoinder of essential parties therein. This defendant further filed a plea of res adjudicata, in which he alleged that on July 30, 1920, there was pending in Floyd superior court a claim case wherein the defendant was plaintiff in execution, Jervis was defendant in execution, and the Exchange National Bank was claimant, in which the tax execution levied was involved, the same having been levied on the property described in the petition in this case, and to which the Exchange National Bank filed its claim on February 4, 1924; that on July 30, 1924, said claim case came on to be heard before a jury, and after hearing the evidence a verdict was rendered finding against the claim and finding the property subject to said tax execution, on which verdict a judgment was duly entered on July 31, 1924; that the action was between the same parties, and the matters and issues now involved, except the offer of payment by plaintiff, were alleged, insisted upon, and finally adjudicated in said claim case, and said verdict and judgment was a full and final adjudication in said claim case, and said verdict and judgment was a full and final adjudication of the matters contended for by plaintiff in this case.

In his answer Covington admitted the allegations of the petition, except as herein stated. For want of sufficient information, he could neither admit nor deny that Jervis owned the different tracts of land mentioned, nor the conveyances from Jervis to Ida M. Fenner, Lila W. Gammon, and L. F. McKoy, above referred to. He alleged that the attorney for the plaintiff did not demand of him the amount due on said fi. fas. for the purpose of making an actual tender of the money due thereon. He advised said attorney

that he would accept the amount due thereon, principal, interest, and cost, and mark the same canceled, or transfer them to plaintiff upon condition that there be entered'on each of them a release of the tracts of land, one owned by the National City Bank and one owned by Formby; and that he was willing to accept the amount due on said fi. fas. and transfer the same to plaintiff without such release, if plaintiff would execute an agreement that said fi. fas. would not be levied on said property belonging to the National City Bank and Formby.

In support of his plea of res adjudicata, the defendant introduced the claim affidavit and bond, with an equitable amendment thereto. In this amendment claimant set up the above conveyances · from Jervis to it; that Jervis owned the tracts of land described in plaintiff's petition in this case; that Jervis conveyed to Ida M. Fenner, on June 28, 1923, one of said tracts; that on December 15, 1921, he conveyed to Lila W. Gammon three of said tracts; that he conveyed to J. P. Cooper, trustee, one of said tracts to secure a debt, and Cooper, on April 3, 1923, under a power of sale in said security deed, sold the same, which was purchased by the National City Bank of Rome; that at said sale said tract of land paid off the amount due to said Cooper as trustee, leaving a · balance of $1230.38, which the National City Bank claimed under a second lien; that in said transaction said bank was represented by Covington; that the overplus was by order of Jervis delivered by Cooper to Covington to be delivered to said National City Bank; that said sum of money so passing through Covington's hands at a time when he claimed to hold said tax fi. fa. levied in this case was more than sufficient to have paid off said fi. fa., as well as all other tax fi. fas. held by Covington; that by reason of these facts said Covington is now estopped from proceeding against the property of claimant; that on December 19, 1921,. Jervis executed and delivered to L. F. McKoy a security deed to one of the tracts owned by him, to secure a debt of $500 principal, due twelve months after date; that Covington was not the real holder of said tax fi. fas. levied, but the same belonged to the National City Bank, and so belonged at the time it received from Covington said fund so received from Cooper, trustee, and instead of applying said sum to said tax fi. fas. the same was transferred to Covington as a scheme to conceal the real ownership thereof and apply said sur-

plus to the indebtedness of said Jervis to said National City Bank, with a view to subject property held by other parties and particularly by claimant; that under the law of this State, when property is conveyed by deed the lien of any tax fi. fa. attaches primarily to any property the title to which still remained in the party against whom said judgment issued, and in equity the fi. fa. claimed to have been held by Covington should first have been levied upon other described tracts of land owned by Jervis, and, if the amount raised was insufficient to pay the same, it should then have been levied upon another described tract conveyed by Jervis under a date subsequent to the date of the conveyance under which petitioner holds the property levied upon, and upon the other tracts conveyed by Jervis in the inverse order of their alienation; that in the event the court should not sustain the foregoing contention, in equity and justice each of said pieces of property included in the return for taxation made by Jervis should bear its own taxes, and the amount due on said tax fi. fa. should be prorated between the respective properties according to their respective values. Said amendment then set out the values of said tracts. Claimant prayed that Covington in his individual capacity, or as agent for the National City Bank, be decreed to be estopped from enforcing said tax fi. fa. against the property of claimant; that the court decree that the property levied upon was not subject to said taxes; that said tax fi. fa. be levied upon property which had been sold or transferred by Jervis, in the inverse order of sale thereof; and that in the event the court should hold that said fi. fa. should not be levied on the property in such inverse order, the amount due on said tax fi. fa. be prorated according to the respective values of the pieces of property above described.

The defendant offered in evidence the verdict rendered in the claim case, finding the property levied on subject to the executions, and the judgment of the court upon such verdict, finding the property subject to said tax fi. fas.

The court below refused the injunction prayed by petitioner, and error is assigned upon this judgment.

*Maddox, Matthews & Owens,* for plaintiff.

*Denny & Wright,* for defendants.