28070. G. I. T. CORPORATION *v.* SMITH.

Decided February 29, 1940.   Rehearing denied March 30, 1940.

*Leon & Dean Covington, Joseph G. Myerson, Wright & Willingham,* for plaintiff.

*Maddox & Griffin,* for defendant.

STEPHENS, P. J. C. I. T. Corporation instituted a bail-trover action against W. O. Smith. The plaintiff alleged that the defendant was in possession of a certain Plymouth automobile to which it claimed title, and that the defendant refused to deliver the automobile to the plaintiff. The plaintiff further alleged that the automobile was worth $550. By an amendment to the petition the plaintiff alleged that the reasonable market value of the automobile at the time of the institution of the action was not more than $350, the automobile having been involved in two or more wrecks, and that under ordinary conditions the automobile on the day the suit was filed would have been worth $550. The plaintiff amended its affidavit for bail by striking the figures $550 therefrom and inserting in lieu thereof the figures $350. In his answer the defendant admitted possession of the automobile; and further alleged, that it was purchased by him under a conditional-sale contract from the Andrews Motor Company; that at the time of the institution of this suit no sum was due under the terms of the contract, and neither the plaintiff nor Andrews Motor Company, nor any one else claiming under the contract, was entitled to the right of possession of the automobile, and that such right of possession was solely in the defendant. The case proceeded to trial, and after the introduction of evidence for the plaintiff the court granted a nonsuit. To this judgment the plaintiff excepted. The judgment was reversed by the Court of Appeals. C. I. T. Corporation v. Smith, 56 Ga. App. 544 (193 S. E. 261). This judgment of the Court of Appeals was affirmed on certiorari by the Supreme Court. Smith v. C. I. T. Corporation, 186 Ga. 199 (197 S. E. 322). The second trial resulted in a verdict in favor of the defendant. The plaintiff moved for a new trial, and to the judgment denying the same it excepted. The evidence on the second trial was substantially the same as that on the first. For a complete statement thereof see 56 Ga. App. 544. When this case was here before, this court held that the insecurity clause in the conditional-sale contract was valid and enforceable, and that "Under the facts and circumstances of this case the jury would have been authorized to find that the plaintiff acted in good faith in deeming itself insecure and in bringing its trover action under the insecurity clause of the contract."

Before the seller in a conditional-sale contract can avail itself

of this provision in the contract and repossess the property it must have good cause to believe that it is insecure, or, in other words, that the buyer has committed or is about to commit some act which would tend to impair the security. 55 C. J. 1286. While, as held by this court, the evidence would have authorized the jury to find that the plaintiff acted in good faith in attempting to exercise this provision in the contract, there was in the present case evidence that the defendant was a good credit risk, that he earned a salary more than sufficient to take care of the installment payments under the contract, and that other automobile dealers would have been glad to extend credit to him and to handle his account in the purchase of automobiles from them. Even though the evidence in behalf of the plaintiff tended to show that the defendant frequently permitted his brother-in-law to operate this automobile, that this brother-in-law had the reputation of handling and transporting liquor by means of an automobile and had been convicted of illegal handling of liquor, and that this automobile had been in two wrecks before the institution of this suit on September 14, 1936, having been purchased by the defendant on June 10, 1936, the evidence did not show, and did not authorize the jury to find, that the defendant himself had ever been in the illegal liquor business; and there was evidence to the effect that the damages done by the wrecks were minor and were promptly repaired by the defendant, and that new parts were put in place of the damaged ones. There was no evidence that the automobile had ever been used to transport liquor illegally.

Under the law and the evidence the jury could have inferred that the plaintiff, in attempting to exercise its right under the insecurity clause of the contract, did not act in good faith. In order for the plaintiff to sustain its repossession of the automobile under this clause, it should appear that the plantiff in good faith believed that the security was impaired. Evidence that the security was not in fact impaired was evidence to show that the plaintiff did not act in good faith in deeming itself insecure and in repossessing the car under this clause of the contract. In the former decision by this court it was held: "On the issue whether the plaintiff acted in good faith in deeming itself insecure, the testimony of certain witnesses to the effect that they would consider the defendant good for certain amounts was properly admitted in evidence, over objec-

tion of counsel for the plaintiff." In evidence were records showing that in eight cases the defendant's brother-in-law had either pleaded guilty or had been tried and found guilty in connection with illegal handling of intoxicating liquors, from 1932 to 1936. In addition to this, the plaintiff offered evidence tending to show that the brother-in-law of the defendant had been convicted in connection with possessing or handling intoxicating liquors several times since the institution of this suit. The trial court rejected this evidence, and the plaintiff assigns error on this ruling. We do not think the rejection of this evidence requires the grant of a new trial. The plaintiff had introduced evidence tending to show that the defendant's brother-in-law had a reputation for illegally handling liquor. Evidence as to what the defendant's brother-in-law did after the institution of this suit, and at a time when the plaintiff had already undertaken to avail itself of the insecurity clause in the contract and had caused the automobile to be seized under the trover action, would not tend to throw light on the question of the good faith of the plaintiff in deeming itself insecure and believing that the defendant had committed or was about to commit some act which would tend to impair the security. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*