## 29240. SMITH v. C. I. T. CORPORATION.

Decided February 28, 1942. Rehearing denied March 17, 1942.

*Maddox & Griffin,* for plaintiff.

*Woodruff & Ward, Leon & Dean Covington, Wright & Willingham,* for defendant.

FELTON, J. W. O. Smith sued the C. I. T. Corporation alleging damages to him arising out of the institution of a bail-trover action against him alleged to have been .sued out wilfully, maliciously, and without legal right or reason, which trover action had terminated in favor of the plaintiff. · The judge sustained a general demurrer to the petition. Smith excepted.

The question involved in the trover action was whether the corporation acted in good faith in deeming itself insecure under the terms of a conditional-sale contract executed by Smith. *C. I. T. Corporation* v. *Smith,* 56 *Ga. App.* 544 (193 S. E. 261). In that case the court reversed the award of a nonsuit. The trial judge in this case sustained the general demurrer on the ground that the reversal of the nonsuit was an adjudication that the corporation declared itself insecure without malice and with probable cause. The judge erred in so ruling. When the trover action was tried it resulted in a verdict for Smith and the judgment was affirmed by this court. *C. I. T. Corporation* v. *Smith,* 61 *Ga. App.* 882 (8 S. E. 2d, 402). If the first decision was an adjudication of good faith and probable cause, the second judgment could not properly have been rendered. The import of the ruling in the first case was simply that a jury could have found that the C. I. T. Corporation acted without malice and with probable cause if it had the facts as proved by the corporation and none other. It was not an adjudication that the corporation acted without malice and with probable cause under all the facts and circumstances as presented by both sides. Both the trial court and this court decided that it did not so act in view of all the facts in the case. The following cases are not authority to the contrary: *McElrealh* v. *Gross,* 23 *Ga. App.* 287, 289 (98 S. E. 190) ; *Marshall* v. *Armour Fertilizer Works,* 24 *Ga. App.* 402 (5) (100 S. E. 766) ; *Short* v. *Spragins,* 104 *Ga.* 628 (30 S. E. 810) ; *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (43 S. E. 27). The court erred in sustaining the general demurrer.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. It is settled by numerous decisions of the Supreme Court and this court that before recovery can be had in a suit for damages based on the malicious use of civil process, it must be shown by the plaintiff that the person sued had, in the proceeding complained of, acted maliciously and without probable

cause, and that such action had terminated in favor of the defendant therein. Where the defendant in the present action brought, as transferee and holder of a title-retention contract covering the sale of an automobile, a trover suit against the present plaintiff to recover the automobile under a provision of the contract that "if the holder hereof shall deem itself insecure, the full amount unpaid hereunder, including any note given, shall without notice become due and payable forthwith. . . Purchaser agrees in any such case to deliver its property to the holder, and the holder may, without any previous notice, or demand for performance, and without legal process, enter any premises where the property may be found and take possession thereof and of anything found therein," the decision of this court in *C. I. T. Corporation* v. *Smith,* 56 *Ga. App.* 544 (supra), that "under the facts and circumstances of this case the jury would have been authorized to find that the plaintiff acted in good faith in deeming itself insecure and in bringing its trover action under the insecurity clause of the contract," and that the grant of a nonsuit was error, was an adjudication that probable cause existed for the bringing of the trover suit. In *Short* v. *Spragins,* 104 *Ga.* 628 (supra), it was held: "Where an equitable petition for injunction and the appointment of a receiver, which fairly and honestly set forth the facts relied upon by the plaintiffs therein, was presented to the judge of the superior court, who entered thereon an order sanctioning the petition, restraining the defendants as prayed and appointing a temporary receiver, this action by the judge afforded conclusive evidence of probable cause for the bringing of the suit, although at an interlocutory hearing thereafter had, the order above mentioned was rescinded by the judge as having been improvidently granted upon the facts alleged." In *Georgia Loan & Trust Co.* v. *Johnston,* 116 *Ga.* 628 (supra), it was held: "In the trial of an action for the alleged 'malicious abuse of legal process,' in suing out a distress warrant against the plaintiff and having the same levied upon his property, proof that the plaintiff in the distress-warrant proceeding obtained a judgment therein, in a court of competent jurisdiction, is, notwithstanding the reversal of such judgment by a higher court, and the subsequent dismissal of the distress warrant, conclusive evidence of probable cause for the institution and prosecution of the suit complained of, unless it be shown that such judg-

ment was procured by the use of fraudulent means." In *McElreath* v. *Gross*, 23 *Ga. App.* 287 (supra), Gross had obtained in the superior court an injunction against McElreath and on an appeal to the supreme court the judgment of the superior court was reversed. Thereafter McElreath brought suit for damages against Gross for alleged malicious use of civil process. This court affirmed the judgment of the trial court sustaining a general demurrer to the action, citing the two cases above mentioned.

In *Marshall* v. *Armour Fertilizer Works*, 24 *Ga. App.* 402 (5) (supra), it was said that a judgment in favor of a plaintiff in a trover suit is, though erroneous, nevertheless sufficient to establish conclusively the existence of probable cause which would prevent the maintenance thereafter of a suit by the defendant, against the plaintiff in the trover suit, for malicious use of civil process. The affirmance by this court in *C. I. T. Corporation* v. *Smith*, 61 *Ga. App.* 882 (supra), of a judgment rendered pursuant to a verdict in favor of the defendant on the subsequent trial of the case, under the evidence then presented in addition to that introduced on the first trial of the case, did not have the effect of nullifying the former decision of this court that in bringing the trover action the plaintiff did not act without probable cause. The fact that a plaintiff does not succeed in his suit does not necessarily negative probable cause.

Accordingly, I am of the opinion that, where, after the last-mentioned decision of this court, the defendant in the trover suit brought an action against the plaintiff therein for malicious use of civil process in bringing the aforesaid trover suit against him, alleging, among other things, that the first trial of the trover suit resulted in a nonsuit, and that upon a writ of error to the Court of Appeals the judgment was reversed and the case remanded to the trial court, the trial court did not err in sustaining the general demurrer of the person sued, on the ground that the petition did not set forth a cause of action against him.