30076.   SMITH *v.* C. I. T. CORPORATION.

DECIDED MAY 28, 1943.   REHEARING DENIED JUNE 10, 1943.

*James Maddox,* for plaintiff.

*Wright, Willingham & Fullbright, Woodruff, Ward & Etheridge,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) Nothing besides the evidence and pleadings contained in this record can be looked to to determine whether the court erred in granting a non-suit. If anything contained in any other litigation between the parties can be considered in determining this question it must appear in the evidence as shown by the record in this case as here

presented. *Prisant* v. *Feingold,* 169 *Ga.* 864 (151 S. E. 799); *Byrd* v. *Goodman,* 195 *Ga.* 621 (25 S. E. 2d, 34); *Gunnin* v. *Carlisle,* 195 *Ga.* 801 (25 S. E. 2d, 652).

No question of res judicata or estoppel by judgment can be considered in the determination of the validity of the judgment granting a nonsuit unless such former judgment, whether it operates as res judicata or as an estoppel, together with any necessary portions of the former record, appear in the evidence in the present case. Conclusions of law contained in the opinions in other cases can not be read into the record in this case or considered as an adjudication of any issue in the present case or as an estoppel.

The only evidence contained in the record in the present case as respects any matter contained in any other litigation between these same parties consists of the affidavit for bail, the pleadings in the trover suit instituted by the present defendant against the present plaintiff, and which is the basis of the present suit for malicious use of process of the court, the verdict for the defendant, and the charge of the court in that case. None of the evidence adduced on the trial of the trover case appears in this record. Nowhere does it appear that the plaintiff in the trover suit had sold the automobile under a contract which contained an "insecurity clause." Any statements made by the judge in his charge to the jury on the trial of the trover suit, which appear in the charge introduced in evidence in the present case, that the trover case was based on the so-called insecurity clause in a contract of sale between the corporation as seller, and Smith as purchaser, and that the issue presented in that case was whether the plaintiff acted in good faith in deeming itself insecure, are insufficient to establish the scope of the pleadings in that case, or to show what evidence was actually adduced and presented on the trial of that case. Such statements amount only to the construction which the judge in that case placed on the pleadings and the evidence. Such charge, as evidence in the present case, is evidence only of the fact that the judge delivered such charge in the former case. The cause of action in the trover case, as it appears from the pleadings, involved only the question of the plaintiff's title to the property and its conversion by the defendant, to the plaintiff's damage. Therefore, within the scope of the pleadings, nothing could have been adjudicated in that case as

respects the question of malice and want of probable cause on the part of the plaintiff in that case in instituting that suit.

The case now before the court presents for consideration the question whether the defendant in the present case, who was the plaintiff in the trover suit, instituted the trover suit maliciously and without probable cause. The present suit, which is for malicious use of process, is manifestly predicated on a cause of action different from that on which the trover suit was predicated. It is well settled that no judgment can be relied on in a subsequent suit as res judicata of any issue in the latter suit unless both suits are on the same cause of action. 34 C. J. 750. In 34 C. J. 743, § 1153, it is stated as having been settled by the Duchess of Kingston's case, which is the fountain source of the doctrines of res judicata and estoppel by verdict or judgment, as follows: "The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal." To the same effect see *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260). Therefore nothing adjudicated in the trover suit, or which could have been adjudicated therein, can be considered as res judicata in the present suit.

Since it does not appear in the evidence in this record what evidence was introduced on any former suit between these parties, it can not be determined from the evidence in the record here presented what matter, if any, was actually adjudicated in any former suit between these parties and which could act as an estoppel by judgment. *Prisant* v. *Feingold*, supra.

Since the same rulings and conclusions of law contained in the opinion in the former suit can not be read into the record here as matters adjudicated, in the absence of the pleadings and evidence on which such former rulings were applicable, it can not be held that under the ruling of this court in the former case between these parties the facts and circumstances were sufficient to authorize a jury to find that the corporation acted in good faith in deeming itself insecure and in bringing the trover suit, and therefore had probable cause for so doing.

The evidence in the present case, which consists of the testimony

of Mr. Smith and his attorney, Mr. Maddox, and of the pleadings in the trover suit, must alone be looked to in determining whether or not the plaintiff made a prima facie case of want of probable cause and malice. None of the evidence adduced in the trover suit appears in the present record.

The burden is on Smith, in the present case, in order to avoid the grant of a nonsuit, to show that the trover suit was instituted maliciously and without probable cause, and· that it had terminated favorably to him. The evidence clearly shows that the trover suit terminated favorably to him. The only evidence which could tend in any way to establish a want of probable cause is that contained in the testimony of Smith himself, that when the corporation instituted the trover suit, he had paid all installments due by him to the corporation. This necessarily implies that Smith was buying the automobile, which was the subject matter of the trover suit, from the corporation. The evidence does not show that the entire purchase price was paid, and does not establish lack of title to the automobile in the corporation. Although since the evidence imports a contract of sale between the corporation and Smith, it does not exclude the possible existence in the contract of sale of some provision authorizing the corporation to act in good faith, without malice, and with probable cause, in instituting the trover suit. While it appears nowhere from the evidence that there was any contract of sale between the parties containing a so-called insecurity clause, it does appear that there was a contractual relationship between the parties. It does not appear anywhere from the plaintiff's evidence that under this contractual relationship C. I. T. Corporation did not have probable cause in instituting the trover suit against Smith.

The court did not err in granting a nonsuit.

*Judgment affirmed. Felton, J., concurs. Sutton, J., concurs specially.*

SUTTON, J. I concur in the judgment of affirmance, and in the main agree to what is said in the majority opinion; but under the facts and circumstances of the present case I think the following may appropriately be said: The present suit is based on the alleged malicious use of legal process in the institution of a bail-trover action for the recovery of a certain automobile. "Malicious use of legal process is where a plaintiff in a civil proceeding em-

ploys the court's process in order to execute the object which the law intends for such a process to subserve, but proceeds maliciously and without probable cause." *McElreath* v. *Gross,* 23 *Ga. App.* 287 (98 S. E. 190). It is well settled law that before there can be a recovery in such an action three essential elements must appear: (1) malice, (2) want of probable cause, and (3) the termination of the proceeding complained of in favor of the defendant. Malice and want of probable cause must concur; if either is absent there can be no recovery. "Malice may be inferred from the total want of probable cause; but a total want of probable cause can not be inferred from the existence of the most express malice." *Marable* v. *Mayer,* 78 *Ga.* 710 (3 S. E. 429). "Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Hartshorn* v. *Smith,* 104 *Ga.* 235, 239 (30 S. E. 666). The essential elements in a cause of action for the malicious prosecution of a criminal case and the malicious use of process in a civil suit are the same. *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Woodley* v. *Coker,* 119 *Ga.* 226, 228 (46 S. E. 89). Probable cause, as shown by the authorities, is the knowledge or state of facts which would authorize a reasonable person to believe that he has ground for doing a given act. The present case is based on the trover action, and the main question involved is whether the C. I. T. Corporation had probable cause for instituting that suit. The trover action was for the recovery of a certain automobile, sold under a retention-title contract which contained an insecurity clause. That case, *C. I. T. Corporation* v. *Smith,* was first here on an exception to the grant of a nonsuit, and the decision of this court is reported in 56 *Ga. App.* 544 (193 S. E. 261). The substance of the evidence was there set out, and it was held in the second division of the opinion: "The retention-title contract provided: 'Said property will be kept at the following address, 500 Charlton Road, Rome, Ga. . . If any installment is not paid in full when due, or if purchaser fails to perform any of his obligations or to comply with any condition of this contract, or if the holder hereof shall deem itself insecure, the full amount unpaid hereunder, including any note given, shall without notice become due and payable forthwith.' The insecurity provision in this con-

tract is valid and enforceable. 55 C. J. 128C, § 1311 (3). Under the facts and circumstances of this case the jury would have been authorized to find that the plaintiff acted in good faith in deeming itself insecure and in bringing its trover action under the insecurity clause of the contract."

The second trial of that case resulted in a verdict for the defendant, and the decision of this court affirming the same appears in 61 *Ga. App.* 882 (8 S. E. 2d, 402). It was said in that decision, among other things, that "The evidence on the second trial was substantially the same as that on the first," and that "Under the law and the evidence the jury could have inferred that the plaintiff, in attempting to exercise its right under the insecurity clause of the contract, did not act in good faith." These two decisions speak for themselves, and it is not deemed necessary to quote further therefrom. If, in view of the decision of the present malicious use of civil process case when it was here on demurrer (*Smith* v. *C. I. T. Corporation,* 66 *Ga. App.* 851, 19 S. E. 2d, 206), it can not now be said that the first decision of this court in the trover suit (56 *Ga. App.* 544, supra) was an adjudication of good faith or probable cause on the part of the C. I. T. Corporation in bringing the trover case, it can properly be said that the import of the two decisions in the trover suit, 56 *Ga. App.* 544 and 61 *Ga. App.* 882, supra, is that it was a question for the jury to determine, under the facts and circumstances, whether the plaintiff acted in good faith in the institution of the trover action. This means that a verdict could properly have been rendered in favor of either party. In these circumstances it could not be said that the plaintiff acted with malice and without probable cause in the institution of the trover action although it terminated in a verdict in favor of the defendant therein. In *Hallman* v. *Ozburn,* 38 *Ga. App.* 514 (144 S. E. 344), which was a case for malicious use of legal process, it was ruled: "In such a proceeding, while it is necessary that it shall appear that the previous litigation has finally terminated against the plaintiff therein, this fact, while generally sufficient to indicate where the preponderance of the evidence lies, furnishes no proof or presumption that the former proceeding was instituted maliciously or without probable cause (*Farrar Lumber Co.* v. *Hogan,* 25 *Ga. App.* 597, 103 S. E. 863); and this is the gist of the action. It is not the policy of the law to give rise

to a cause of action based on the malicious use of legal process merely because the plaintiff loses his case; if this were the rule, 'the end of the action would be merely the beginning of litigation.' *Porter* v. *Johnson*, 96 *Ga.* 145, 148 (23 S. E. 123)."

If the facts and circumstances were such at the time the trover action was instituted to authorize the plaintiff as a reasonable person to believe that it had reasonable ground for deeming itself insecure under the provisions of the retention-title contract, then there can be no recovery for the plaintiff in the present case. This court has ruled that the insecurity clause in the contract is valid, and that the facts and circumstances were sufficient to authorize a jury to find that the plaintiff acted in good faith in deeming itself insecure and in bringing the trover action under the contract. If, under the evidence, a jury would have been authorized to so conclude in favor of the plaintiff, then certainly the facts and circumstances as disclosed in the trover suit were such as to authorize the plaintiff as a reasonable person to believe it had ground to institute the action. In the present case the petition alleged that a nonsuit was granted on the first trial of the bail-trover action, and that upon a writ of error to this court that judgment was reversed; that the second trial resulted in a verdict and judgment in favor of the defendant; that that judgment was affirmed by this court, and that the case terminated in favor of the defendant. These allegations were admitted by the defendant's answer. The two decisions of this court in the trover case, *C. I. T. Corporation* v. *Smith*, 56 *Ga. App.* 544, and *C. I. T. Corporation* v. *Smith*, 61 *Ga. App.* 882, supra, were cited and called to the attention of this court by counsel for the plaintiff in error in his brief. "As a general rule courts do not in one case take judicial notice of their own records in other cases, even though the trial judge in fact knows or remembers the contents thereof, or even though the parties are the same. At least the court can not be required or expected to take such notice. This general rule, however, is not an inflexible one and has several exceptions. The fact that such exceptions exist indicates that the rule is not based on lack of power but is a rule of expediency, to be applied or refused application as the equities and justice of the case require. It has also been indicated that a broad restriction of the power to take judicial notice of its own records is not well suited to the conduct of the business of an appellate

court. Consequently, in the exercise of their discretion, at least where such records are properly called to their attention, for one purpose or another courts have frequently taken notice of their records in other cases, and it has been held that courts may notice, from their records, the cases brought to them and the disposition thereof. Also a court may take judicial notice of, and give effect to, its own records in another, but interrelated proceeding, particularly where the issues and parties are the same or practically the same." 31 C. J. S. 623, § 50 c. The two decisions of this court in the trover case are part of the records of this court, ·of which we can take judicial notice. It was held in Sabol v. St. Louis Cooperage Co. (Mo.) 31 S. W. 2d, 1041, that the "Supreme Court judicially noticing former opinion has before. it, not only law therein decided, but facts stated in opinion as basis therefor."

Under the law and the facts and circumstances of this case the court did not err in granting a nonsuit.