**Jack FORRESTER, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY,
Defendant.**

**No. 1164.**

United States District Court
N. D. Georgia,
Gainesville Division.

May 17, 1967.

Whelchel, Dunlap & Gignilliat, Gainesville, Ga., for plaintiff.

Robinson, Thompson, Buice & Harben, Gainesville, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is a suit in which plaintiff Jack Forrester sued defendant Southern Railway Company for $50,000 for the wrongful death of his minor son Matthew, allegedly resulting from defendant's negligent operation of its train. Plaintiff contends his son's death was the result of a collision between defendant's train and a car driven by Edna Armour in which his son was riding. Defendant denied any negligence on its part and contended the death of the plaintiff's minor son was the result of the negligence of the driver of the vehicle, Edna Armour. Defendant also contended the present action was barred by the result in a former suit, Civil Action No. 1086, which constitutes *res judicata* as to this suit.

In the former suit, Civil Action No. 1086, Northern District of Georgia, Gainesville Division, Aaron Forrester, William J. Forrester by next friend Jack Forrester, and Jack Forrester, Individually, sued the defendant Southern Railway Company for the wrongful death of Littie Forrester, mother of plaintiffs Aaron and William J. Forrester and wife of plaintiff Jack Forrester. The former

suit was based on exactly the same transaction or set of facts as the present suit—a collision at Sims' Crossing on February 15, 1965, between a Southern Railway train and an automobile driven by Edna Armour, as a result of which Littie Forrester and her infant son Matthew Forrester, passengers in the automobile, were killed.[1] The case was tried April 14 and 15, 1966, resulting in a jury verdict of $25,000 for the plaintiffs against the Southern. Southern's motion for new trial was denied in an order dated June 7, 1966, and no appeal was taken.

Southern has moved to dismiss arguing that the plaintiff has attempted to split a single cause of action in bringing these two suits, and the former suit therefore constitutes *res judicata* as to the present suit. Forrester has moved for summary judgment as to the question of Southern's negligence and liability, contending that the result in the former suit constitutes collateral estoppel, or "estoppel by judgment", as to this question and prevents Southern from relitigating the issue of its negligence and liability in this suit.

■ (1) The first question is whether state or federal law applies to the issues of *res judicata* and collateral estoppel in this damage suit in which federal jurisdiction is based on diversity. Whether or not a plea of *res judicata* is valid depends *inter alia* on whether an attempt to split a cause of action took place so that the subsequent suit is based on the same cause of action as the first suit. The same question was presented in *McConnell v. Travelers Indemnity Co.*, 346 F.2d 219 (5 Cir. 1965) in which the court stated at 222:

> "The plaintiff contends that the question of splitting a cause of action is procedural and that the Federal Rules of Procedure apply. Rule 18 permits joinder of causes, but does not compel it. This contention overlooks the relation of res judicata to splitting a cause of action. As Professor Wright

notes, 'The doctrine of res judicata, however, prevents "splitting of a cause of action" and requires all grounds upon which a single claim is based to be asserted and concluded in one action, on pain of being barred from separate suit'. Wright, Federal Courts § 78 at 297. Where 'there is no federal matter involved it would seem that for purposes of res judicata the concept of cause of action is sufficiently substantive as to be within the rule of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], and the applicable state rule must be followed.' 2 Moore's Federal Practice ¶ 2.06, at 380. See Gentry v. Jett, 273 F.2d 388, (8 Cir. 1960) holding that a federal court must look to state law in applying the rule against splitting a cause of action. See also Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832."

■ Other circuits have also held that questions of the application of the doctrines of res judicata and collateral estoppel are to be determined under state law. E. g. Graves v. Associated Transport, Inc., 344 F.2d 894, 896 (4 Cir. 1965); Gedeon v. State Farm Mut. Auto. Ins. Co., 342 F.2d 15, 17–18 (3 Cir. 1965). Contra: United States v. United Air Lines, Inc., 216 F.Supp. 709 (D.Nev. 1962) aff'd sub. nom. United Air Lines, Inc. v. Wiener, 335 F.2d 379, 404 (9 Cir. 1964), cert. den. 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 and Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F.2d 532, 538–541 (2 Cir. 1965), cert. den. 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472.

■ The Georgia statutory law of res judicata appears to be set forth in various Code provisions. Ga.Code § 3–607, § 105–1805 and § 110–501.[2] In Georgia, as elsewhere, the causes of action in two suits must be identical in order for the doctrine of res judicata to bar the second action. E. g. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1877); Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Exchange National Bank of Rome v. Covington, 160 Ga. 131, 127 S.E. 453 (1925); Smith v. C. I. T. Corp., 69 Ga.App. 516, 26 S.E.2d 146 (1943).

■■ (2) Thus, the second question to be determined is whether under Georgia law a claim under Georgia Code § 105–1306 to recover for the death of a wife and mother is a part of the same cause of action as a claim under Georgia Code § 105–1307 to recover for the death of a child so as to bar the latter claim under the doctrine of res judicata. As a general rule, a statutory action for wrongful death in Georgia has been considered a separate cause of action. For example, a statutory action for the wrongful death of an individual has been held to be distinct from a common law action for pain and suffering. E. g. Burns v. Brickle, 106 Ga.App. 150, 126 S.E.2d 633 (1962); Stephens v. Columbus R. Co., 134 Ga. 818, 68 S.E. 551 (1910). See Armstrong Furniture Co., Inc. v. Nickle, 110 Ga.App. 686, 140 S.E. 2d 72 (1964) involving loss of consortium. The same result has been reached by the Georgia courts where both claims were statutory. In Complete Auto Transit, Inc. v. Floyd, 214 Ga. 232, 104 S.E.2d 208 (1958) it was held that a husband's suit under Georgia Code § 105–1306 for the wrongful death of his wife is not a part of the same cause of action

2. Ga.Code § 3–607: "A former recovery, * * * for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; * * * "
Ga.Code § 105–1805: "Former recovery and pendency of another suit are also good defenses [to a tort action] and subject to the same rules as when applied to contracts."

Ga.Code § 110–501: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

as his suit as administrator under Georgia Code § 3–505 for his wife's pain and suffering and her medical, hospital and funeral expenses. As in *Complete Auto Transit* each claim in the present suit is based on a separate statutory basis and each is based on a separate death. In view of the Georgia cases, it can only be concluded that an action to recover for the death of a wife and mother is a separate cause of action from an action to recover for the death of a child. Accordingly, no splitting of a cause of action has been attempted by the plaintiff and the defendant's motion to dismiss on the grounds that the former action constitutes res judicata is denied.

(3) Finally, although the former action does not constitute res judicata, the plaintiff contends that since the issue of Southern's liability as to this accident has already been litigated, Southern should be estopped by the former judgment from relitigating this issue.

█ The difference between res judicata and collateral estoppel or estoppel by judgment in Georgia is set forth in *Farmer v. Baird*, 35 Ga.App. 208–209, 132 S.E. 260, 261 (1926):

"A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. * * * [T]hat is to say, there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters, * * * which are shown by aliunde proof to have been actually litigated and determined."

as quoted in *Harvey v. Wright*, 80 Ga. App. 232, 238–239 (1949). See *Summer v. Summer*, 186 Ga. 390, 197 S.E. 833 (1938).

██ The facts and issue of liability in this case are the same as the former case,[3] but the cause of action is different. In order for the doctrine of collateral estoppel to be applied, the parties to the two suits must be identical or "privity" must exist with a former party so as to provide for mutuality of application of the former suit.[4] E. g. *Life & Casualty Ins. Co. of Tenn. v. Webb*, 112 Ga.App. 344, 145 S.E.2d 63 (1965); *Ritchie Gas of Cornelia, Inc. v. Ferguson*, 111 Ga. App. 187, 140 S.E.2d 925 (1965). The question in this case is whether there is sufficient identity or privity of parties in the two suits by Jack Forrester, one for the death of his wife, the other for the death of his son, so that the requirements of estoppel by judgment are met. The recent case of *Smith v. Wood*, 154 S.E.2d 646, decided by the Georgia Court of Appeals on February 17, 1967, is almost directly in point. In that case, the plaintiff Smith sued defendant Wood for personal injuries received in an automobile collision, resulting in a verdict for the defendant. Plaintiff then joined with his children in suing for the wrong-

3. Defendant's Seventh Defense. " * * * the judgment rendered in this Court on April 18, 1966, in Civil Action No. 1086, * * * in which the same identical issues as to liability and negligence were then adjudicated, final judgment [was] rendered and satisfied and on appeal taken therefrom. Said Civil Action No. 1086 involved the same collision and the identical acts of negligence alleged in this action. * * * "

4. This is in contrast to the doctrine in other jurisdictions, where the requirement of mutuality has undergone substantial alteration. See *Bernhard v. Bank of Am. Nat'l Trust & Savings Assn.*, 19 Cal.2d 807, 122 P.2d 892 (1942) discussed by the late Professor Currie in "Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine" 9 Stan.L.Rev. 281 (1957) and "Civil Procedure: The Tempest Brews". 53 Calif.L.Rev. 25 (1965). *Graves v. Associated Transport, Inc.*, supra, discussed in "Res Judicata: Prior Adjudication of Negligence Bars Relitigation of that Issue by Defendant to former Actions." 1966 Duke L.J. 283.

ful death of his wife as the result of the same collision. The court held that the plaintiff was collaterally estopped by the former judgment. Had the plaintiff Smith instead of the defendant Wood been successful in the first suit, practically the identical question would have been presented there as here. It thus appears that the defendant Southern is estopped by the former judgment.

■ In order for relitigation of a particular question to be estopped by a former judgment, the question must have been "necessary" to the former judgment and it must have been one of the "ultimate" questions or facts in issue, as opposed to a supporting evidentiary or "mediate" question. Yates v. United States, 354 U.S. 298, 335–338, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1956); United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262 (1924); The Evergreens v. Nunan, 141 F.2d 927, 152 A.L. R. 1187 (2 Cir. 1944); Farmer v. Baird, supra; Restatement of Judgments § 68.

Here, the question of the Southern's negligence and liability is clearly an ultimate question in both suits. The former suit determined that the Southern was negligent and therefore liable. The minor son of 11 months, because of tender age, could not have been negligent as a guest passenger. Atlanta, Birmingham and Coast Rr. Co. v. Loftin, 67 Ga.App. 601, 605, 21 S.E.2d 290 (1942); Roach v. Western & A. R. Co., 93 Ga. 785, 21 S.E. 67 (1894).

Accordingly, the plaintiff's motion for summary judgment as to the issue of Southern's liability is granted.

■ (4) It appears to this court that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion and * * * an immediate appeal from [this] order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b). Thus, the defendant may if it desires apply within ten days for an appeal from this order.

It is so ordered.